# BUFORD' v. WELBORN.

1. It is discretionary with a court to permit a garnishee to amend his answer, and that even after an issue has been tried between the plaintiff and one to whom the debt attached is supposed to be transferred.

2. The answer of a garnishee admits the receipt of a sum of money from the debtor, to be accounted for to him by the garnishee on a final settlement, but insists that since the service of garnishee process, he has been compelled to pay larger sums for the debtor, so that on a final settlement, nothing will be due; this is not such an admission of indebtedness as will authorise a judgment against the garnishee. If the right to set off debts paid subsequently to the service, could be defeated, it was the plaintiff's duty to have drawn out the facts by interrogatories, or by forming an issue to try the question of indebtedness.

WRIT of error to the Circuit Court of Barbour county.

This is a proceeding by Buford, against Welborn, who was summoned as a garnishee to answer what he was indebted to Seth Lore and Edward Sheppard or either of them.

The garnishee appeared and answered, that at the service of the garnishment, he owed Edmund Sheppard $434 50, by a judgment for that sum, recovered in said court; but that he had been notified that the judgment had been transferred by Sheppard to his son William P.; besides which, the garnishee was liable to pay a large amount of money for Edmund Sheppard, and that he could not secure himself, but by having his claim set-off against what he owed him on the judgment, by reason of his insolvency. The garnishee also answered, that he was indebted nothing further; and thereupon, moved to be discharged. This motion was overruled, and the further proceedings against the garnishee were suspended until the plaintiff and William P. Sheppard should contest the validity of the transfer of the judgment. These parties subsequently made up an issue which was tried by a jury, who ascertained by their verdict that the transfer of the judgment was fraudulent and void.

The plaintiff then moved for judgment against the garnishee, upon the answer formerly made by him. The garnishee at the same time moved for leave to come in and amend his answer, which the court permitted, although resisted by the plaintiff. The

garnishee then amended his answer by stating that since his for-
mer answer, the judgment therein mentioned had been reversed
by the supreme court, and held for naught, and dismissed from the
circuit court, in which it was existing at the time of that answer.
The said judgment was founded on a written admission of the
garnishee, that he had received $395 20, belonging to Edward
Sheppard on the 19th February, 1839, for which the garnishee
agreed to account on a final settlement with him.    That in his
former answer, he had only answered as to the part of the judg-
ment, without stating the nature of the writing on which it was
founded.    He also answered, that on a final settlement with
Sheppard, the latter would be greatly indebted to him, as the gar-
nishee had paid large sums of money for him since his first an-
swer, amounting to more than the sum stated in said writing.

On the amended answer, the court discharged the garnishee.

It is now assigned that the court erred,

1. In permitting the garnishee to amend his answer.

2. In discharging him upon the amended answer.

Buford, for the plaintiff in error, made the following points:—
1. The process of garnishment acts upon the condition of indebt-
ness, as it is at the service, and is not affected by subsequent trans-
actions or circumstances. [Hazard v. Franklin, 2 Ala. Rep.
351; McRae v. McLean, 3 Porter, 138; Kennedy v. Raguet, 1
Bay, 484; Clay's Dig. 59, § 19.]

2. The garnishee here, is not entitled to retain an account of
subsequent payments made by him for Sheppard, either as surety
or indorser. [Holmes v. Bullock, 4 Ala. 228; Colgin v. Cum-
mings, 1 Porter, 148; French v. Garner, 7 Porter, 549; Taylor v.
Gardner, 2 Wash. C. C. 488; Serg. on Attach. 103; 15 Mass.
414, 490; 16 ib. 473.]

3. If the garnishee's claim is in the nature of an off-set, he must
show such a state of facts as would enable him to maintain an ac-
tion at the time of the service. [Crawford v. ex'r of Simonton,
7 Porter, 110.]

4. The court should not have allowed the answer to be amend-
ed after the trial of the issue between the claimant and the plain-
tiff. [Clay's Dig. 63, § 39, 40, 44.]

Sayre, contra—argued, 1. That process of garnishment is to

be considered the institution of a suit against the garnishee, and it is at all times a matter of discretion, to allow the party to amend his answer, which is in the nature of pleading.

2. Before a judgment can be properly rendered against a garnishee, there must be a distinct admission of a debt due.— Here there is no such admission, and consequently there is no error in the discharge of the garnishee. If the plaintiff had wished to contest the fact of indebtedness at the time of the service, he ought to have presented an issue under the statute.

GOLDTHWAITE, J.—1. We think it entirely competent for a court to permit a garnishee to amend his answer whenever the justice of the case requires it. The permission to do so, is the exercise of a discretionary power, which is not the subject of review on error. In the present case, however, its exercise was quite proper, because the judgment admitted as the indebtedness by the former answer, had been reversed, and therefore, it became essential to the rights of the garnishee, to ascertain whether there was any debt due from him to the debtor, subject to attachment.

2. On the subject of garnishee's answers, the practice under the several statutes is now well settled, that before there can be a judgment rendered, there must be a distinct admission of indebtedness to the person, as whose debtor he is summoned. [Fortune v. State Bank, 4 Ala. Rep. 385, and cases there cited.]— Here, the answer does not in our opinion contain such an admission; the money received by him belonging to the debtor, was only to be accounted for upon a final settlement. Whether this receipt would admit the interpretation, that all open transactions in which the garnishee was involved as security or indorser for the debtor, was intended to be included, is a matter which we deem it unnecessary to determine, as it was entirely within the power of the plaintiff to have called on the garnishee in the examination for answers to such questions as he wished to ask respecting the nature of the debts which the garnishee claimed the right to set-off. Or, if the answer was doubtful or unsatisfactory, he could have insisted upon an issue, to try the question of indebtedness upon making the affidavit required by the statute. [Clay's Dig. 60, § 25.] It is not competent to the plaintiff when the opportunity is given him by law, of calling out direct and explicit an-

swers to all questions relative to the indebtedness, to ask the court for a judgment upon any other than a distinct admission of indebtedness at the time of service.

We think there is no such admission in this amended answer, and therefore, the court did not err in discharging the garnishee.

Judgment affirmed.