## WRIGHT, Adm'r, vs. SWANSON.

[CONTEST OF ANSWER OF GARNISHEE.]

1. *Garnishee, answer of; what plaintiff may require when unsatisfactory.* When the answer of a garnishee is not satisfactory to the plaintiff, he is entitled to examine him orally in the presence of the court, or he may make affidavit that he believes the answer to be untrue, and have an issue made up for trial.

2. *Same; when garnishee can not object to irregular mode of contest.*—If the plaintiff obtain leave of the court to file interrogatories, and the cause is continued under agreement to give time to the garnishee to answer, he can not at the next term object to the manner of his examination.

3. *Same.*—In such a case, if the answer to the interrogatories is insufficient, the plaintiff ought to be allowed an oral examination.

APPEAL from the Circuit Court of Macon.
Tried before Hon. LITTLEBERRY STRANGE.

COCKE, who died during the pendency of the appeal, which was revived in the name of his administrator, commenced suit by attachment against one Griggs, and had Swanson, the appellee, summoned to appear at the fall term, 1868, of the circuit court, to answer as garnishee, &c.; at that term the garnishee did not appear, and the

case was continued. At the next term the garnishee appeared and filed an answer, and the plaintiff, by leave of court, filed written interrogatories to the garnishee, without objection. The garnishee not being able to answer these interrogatories during the term, it was agreed between the parties that the garnishee should have until the next term to file his answer. At the next term the garnishee filed his answer to the interrogatories, and seven days thereafter plaintiff filed written exceptions to the answer, and thereupon the garnishee moved the court to set aside and annul the order giving leave to file written interrogatories to him, and to discharge him upon his first answer, no affidavit having been filed at that term to contest his answer. The court granted this motion, and discharged the garnishee, and appellant excepted to this ruling, and moved for leave then to examine the garnishee orally. But the court overruled this motion, and appellant excepted.

The rulings of the court to which exceptions were reserved are now assigned as error.

WATTS & TROY, and McIVER, for appellant.—The fact that the plaintiff may have the garnishee examined orally in the presence of the court, necessarily implies that the interrogatories in writing may be filed by the plaintiff. The presumption is, that the examination of the garnishee is in writing, and the privilege is given by this section of the Code to have the examination oral, in the presence of the court, if the plaintiff desires it.—See *Easton v. Lowery*, 29 Ala. 454.

But if it was irregular for the court to allow written interrogatories to be filed, the garnishee has waived any such irregularity by answering the written interrogatories so filed, without objection. He waived the irregularity, unless he objected at the time the order was made allowing them, and at the filing thereof. The answer without objection is an admission of the right of the court to permit them to be filed, and waives, necessarily, any objection to

filing them.—3 Ala. 43 ; 9 Ala. 400; 26 Ala. 582; 33 Ala. 512; 16 Ala. 325 ; 36 Ala. 570 ; 26 Ala. 670.

So long as the garnishee continued before the court, and was undischarged on his answer, he was under the control of the court, and could be compelled to answer orally, if the plaintiff chose to have him examined orally. He was not only legally present in court, but was actually present, when plaintiff made a motion to have him answer orally.

The section of the Code giving this right to the plaintiff is not confined to the term at which an answer is filed, but continues so long as the garnishee continues before the court to receive its judgment.

DAVID CLOPTON, *contra.*—Where a special authority, in derogation of the common law, is conferred by statute on a court of general jurisdiction, it becomes, *quoad hoc,* an inferior or limited court. A compliance with the requisitions of the statute is necessary to its jurisdiction, and must appear on the face of its proceedings.— *Gunn v. Howell,* 27 Ala. 663. In this case, it is also held that process of garnishment is such special authority.—*Stevenson. v. O'Hara,* 27 Ala. 362 ; *Matthews, Finley & Co. v. Sands & Co.,* 29 Ala. 136.

These cases settle, that processes by attachment and garnishment were unknown to the common law, are special statutory remedies, and can only be issued by the persons, in the manner, and under the circumstances prescribed by statute.

As in processes by attachment and garnishment the circuit court is an inferior or limited court, it can exercise only such powers and adopt such proceedings as are authorized by statute.—*Martin's Heirs v. Martin,* 22 Ala. 86 ; *Thrasher et al. v. Pinckard's Heirs,* 23 Ala. 616.

Before the adoption of the Code of 1853, a plaintiff was authorized to file interrogatories to a garnishee, and the court was not authorized to receive an oral answer except on consent of all the parties concerned.—Clay's Dig. p. 63, § 44.

By the Code of 1853, section 2450, and which is the

same in the Revised Code as section 2968, a change was made ; authority to file interrogatories was omitted, and it was provided that the garnishee " may, if required by the plaintiff, be examined orally in the presence of the court."

By this change of the statute, the legislature could have intended nothing else but to take away from the court the authority to allow interrogatories to be filed, and to substitute in lieu thereof an oral examination.

Since the adoption of the Code of 1853, and under the Revised Code, a garnishee can be required to answer in two ways, viz.: one by a written answer according to the terms of the citation, and the other, orally, in the presence of the court ; and any order of the court requiring an answer in any other mode is beyond the jurisdiction of the court, and void.

The power to file interrogatories in writing cannot be implied from the power to require an oral examination. A power ought to be clearly inferred, and not deduced from vague surmises as to the intention of the legislature.—Stevenson v. O'Hara, 27 Ala. 262. It would be violent inference, when the legislature repealed the law authorizing interrogatories, or to say that an oral examination in the presence of the court may be upon written questions, or be answered out of court.

The garnishee is not estopped from denying the validity of the order by any of the subsequent proceedings.

At the December term, 1868, the garnishee answered according to the terms of the citation. The plaintiff then did not propose to contest the answer, or require time, or require an oral examination in the presence of the court, and no order whatever, except the entry on the judge's docket, of leave to file interrogatories. At the next term of the court, the garnishee filed answers to the interrogatories, and when the case was called, moved the court to vacate and set aside the order of leave to file interrogatories.

Consent cannot give jurisdiction of the subject-matter, which, in this case, was the filing of interrogatories to a garnishee, or in a matter which the law excludes.— Winn v. Freeda, 19 Ala. 171. The law or statute providing a cer-

tain mode of examination excludes all others upon the maxim, "*expressio unius, alterius exclusio.*" Hence, examination by interrogatories is a matter excluded by law, and can not give jurisdiction.—*Burford v. Daniels,* 20 Ala. 445 ; *Harrison & Saunders v. Harrison,* 20 Ala. 629 ; *Jeffries v. Harbin,* 20 Ala. 387 ; *Fields v. Walker,* 23 Ala. 155; *Little v. Fitts,* 33 Ala. 343 ; *Johnston v. Fort,* 30 Ala. 78.

Filing answers to the interrogatories is *quasi* pleading, and impleading can not confer jurisdiction.—*Crabtree v. Cliett,* 184 ; *Howard v. Ingersoll,* 23 Ala. 673.

All the cases cited by the attorneys for the appellant are cases in which the consent gave jurisdiction of the person, or was a waiver of irregularities.

The court has power to set aside a void order at any time, and it is its duty to do so on application being made. *Johnson v. Johnson's adm'r,* 40 Ala. 247.

No proceedings under a void order can operate as an estoppel, unless in a case where appearance or consent gives jurisdiction of the person alone. Estoppels must be mutual.

An affidavit for a contest must be made at the term of the court during which the answer is filed or further time obtained.—Rev. Code, § 2974; *Graves v. Cooper,* 8 Ala. 811.

If the plaintiff desires an oral examination, he must do so at least by the time the garnishee answers. Again, an oral examination is in the discretion of the court ; the word used in the statute is "*may,*" and its refusal is not revisable.

It does not appear that the garnishee was present when the order to file interrogatories was made ; it was *ex parte,* and if he had been present, it was not necessary to object to a void order.

B. F. SAFFOLD, J.—The answer of the garnishee, Swanson, not being satisfactory to the plaintiff, the court, by order, suffered him to file written interrogatories to the garnishee. The matter was then continued, by agreement of the parties, without objection. At the next term, the

Wright, Adm'r, v. Swanson.

garnishee filed an answer to the interrogatories, but moved the court to set aside the order allowing them. He had not before objected to them, but, on his request, had obtained time to answer. His motion was granted, and he was discharged on his former answer. The plaintiff objected to the discharge, and insisted on examining him orally. This the court refused to permit. The plaintiff had not previously proposed an oral examination, nor had he offered to contest the answer otherwise than by obtaining leave to file the interrogatories. The appeal is from the judgment discharging the garnishee, and the above stated rulings.

The manner of contest pursued by the plaintiff was according to the practice under Clay's Dig., p. 63, § 44. The Revised Code (§ 2968–2540) prescribes a different mode. If the plaintiff is dissatisfied with the written answer, he is entitled to examine the garnishee orally. Or he may make oath that he believes the answer untrue, and have an issue made up under the direction of the court, to be tried by a jury, if desired by either party.—Rev. Code, § 2974. This latter proceeding is required to be commenced at the term the answer is filed.

The oral examination is not limited by the statute to the term when the answer is filed, though it would seem that unless some motion for that purpose was made during the term, it ought to be regarded as a waiver of the right. It was, however, entirely competent for the parties to agree that the examination should be upon the interrogatories, and that it should be continued to the next term. Was not this virtually done in this case? The plaintiff proposed to examine the garnishee in writing, and the latter agreed with him to postpone the matter until the next court, in order that he might answer in the same manner. It was the right of either party to have the examination reduced to writing by exception, for the purpose of appeal. *Eastern v. Lowery*, 29 Ala. 454.

We regard the second answer of the garnishee as made under agreement. If the court should consider it not suf-

ficiently responsive to the interrogatories, the plaintiff ought to be allowed to examine him orally.

The judgment is reversed and the cause remanded.