# Craft & Co. *v.* Summersell.

*Garnishment in aid of Pending Action.*

1. *What demands may be reached by garnishment.*—The mayor of a city having drawn a cheque on the bank for the wages due to a policeman, and delivered the same to the city clerk to be countersigned, and the policeman having given an order on the clerk for the delivery

of the cheque to a third person, who was authorized to receipt for it; a creditor of the person named in the order can not, by process of garnishment against the clerk, reach and subject the cheque, or the debt evidenced by it.

APPEAL from the City Court of Mobile. ··

Tried before the Hon. O. J. SEMMES.

The appellant in this case, John Craft, doing business under the name of Craft & Co., commenced suit by summons and complaint, in that name, against Charles H. Bostwick; and sued out garnishments, June 28th, 1889, in aid of the action, against John F. Summersell and others, as the debtors of said Bostwick. Summersell, who was the city clerk of Mobile, filed a written answer, denying any indebtedness to said Bostwick; and being afterwards required to answer orally, he further stated that, when the garnishment was served on him, he had in his hands, as city clerk, two orders drawn on him by one Lawson and one McCarron, policemen in Mobile, in favor of said Bostwick, in the following form: "June 6th, 1889. For value received, I hereby authorize C. H. Bostwick to receive the cheque or warrant on the bank for the amount which may be owing to me by the city of Mobile, for services in the month of June, and he is fully empowered to receipt for the same in my name." He stated, also, that the wages of policemen and others were paid monthly by cheques on the bank, to which the mayor signed his name, and which were then filled out and countersigned by him, and delivered to the different payees, or persons entitled to them; that the printed cheques contained the words "or order," after the name of the payee; that he received the cheques in favor of Lawson and McCarron on the 1st or 2d July, after the service of the garnishment, erased the word order, and inserted the word bearer, and delivered them to said Bostwick; and that he was usually paid a fee of 25 cents for stamping, recording and paying each of these orders, or powers of attorneys. On these facts, the court refused to render judgment against the garnishee, but discharged him on motion. The plaintiff excepted to this ruling and judgment, and here assigns the same as error.

WM. E. RICHARDSON, for appellant.

GREGORY L. & H. T. SMITH, contra.

STONE, C. J.—The demand sought to be reached by the process of garnishment is not such a claim as the debtor, the defendant in this garnishment proceeding, could recover from the garnishee in debt, or *indebitatus assumpsit*. The gar-

[Terry & Bro. v. Hughes & Co.]

nis᾽ee was, therefore, rightly discharged—*Nat. Com. Bank v. Miller*, 77 Ala. 168; *Henderson v. Ala. Gold Life Ins. Co.*, 72 Ala. 32; *Godden v. Pierson*, 42 Ala. 370; *Teague v. Le-Grand*, 85 Ala. 493.

Furthermore, the property, which the garnishee's answer disclosed he had in his possession, were cheques, or *choses in action*, which are not subjects of garnishment.—*Levisohn v. Waganer*, 76 Ala. 412; *Marston v. Carr*, 16 Ala. 332; *Jones v. Morris*, 2 Ala. 528; Drake on Attachments, § 481, note 6.

These views render unnecessary a consideration of the rulings on the evidence. If there was error therein, it was error without injury.

Affirmed.