# Roman v. Baldwin.

### Garnishment on Judgment.

1. *Contest of garnishee's answer at term filed; time extended by order of court.*—The court may, by an order made at the term the garnishee's answer is made, grant further time for contesting the answer; but the answer, whether oral or written, cannot be controverted at a subsequent term, without an order of the court entered during the term.

2. *Extending time for answer; amendment.*—The court may extend the time for the garnishee to answer, and his answer filed at any time before judgment for want of answer is held to be within time; the garnishee may amend his answer, and it would seem that this may be done at a subsequent term.

3. *Oral-examination, matter of right; not waived by failure to contest written answer.*—The plaintiff has the right to require an oral examination of the garnishee, and this right is not lost or waived, by the mere fact that he does not controvert the written answer of the garnishee at the term at which it is made.

4. *Not lost by continuance pending written answer.*—When no order or judgment is made by the court upon the motion of the garnishee to be discharged on his written answer, or an order or judgment requiring the plaintiff to signify his acceptance of the written answer as satisfactory, or to controvert the same, if unsatisfactory, and the cause is continued generally without objection by either party, the plaintiff's right to require an oral examination is preserved and may be enforced at the term to which the cause is continued.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JOHN R. TYSON.

This was a garnishment on a judgment. The facts are stated in the opinion. The rulings of the court in discharging the garnishee, and overruling plaintiff's motion to require an oral examination of the garnishee, are assigned as error.

GUNTER & GUNTER, for appellant, cited, Code of 1896, §§2196, 2175, 594; *Steiner v. Bank,* 22 So. 30; *Talladega Mer. Co. v. McDonald,* 97 Ala. 508; *Wright v. Swanson,* 46 Ala. 708; Wap. Att. & Gar. 470 *et seq.; Ensley Fur. Co. v. Rogan,* 95 Ala. 594; *Buford v. Welborn,* 6 Ala. 818.

17

TOMPKINS & TROY, *contra,* cited, Code of 1896, §§2187, 2196, 2175; *Brake v. Curd,* 102 Ala. 342; *Cross v. Spellman,* 93 Ala. 170, 173; *Graves v. Cooper,* 8 Ala. 811; *McDaniel v. Reed,* 12 Ala. 616; *Ex parte Opelika,* 62 Ala. 68; *Talladega v. McDonald,* 97 Ala. 511, 512; *Security L. A. v. Weems,* 69 Ala. 588; *Cross v. Spellman & Scott,* 73 Ala. 172; *D. C. & N. O. R. R. v. Crane,* 97 Ala. 519; 3 Ala. 114; *Stubblefield v. Hazzard,* 1 Ala. 38; 3 Brick. Dig. 369, §112; *Ex parte Owens,* 52 Ala. 473; *Lindsey v. Morris,* 100 Ala. 549.

COLEMAN, J.—At the spring term of the circuit court, 1897, the appellees, who had been summoned as garnishees, filed a written answer, denying indebtedness, and prayed to be discharged. No order was made upon the answer in the garnishment case at that term, and the case seems to have been continued generally. At the fall term, 1897, the plaintiff moved the court that the garnishees be required to answer orally, and the garnishees moved for their discharge. The court refused the motion that garnishees be required to answer orally, and entered judgment discharging the garnishees, basing its action, as appears from the judgment entry, upon the failure of the plaintiff to contest the answer during the term in which the answer was filed. Section 2196, Code of 1896, provides that the plaintiff "may controvert the answer of the garnishee by making oath at the term the answer is made that he believes it to be untrue," etc. We have held that this provision was not mandatory, and that the court, by an order made during the term at which the answer was made, may grant further time for controverting the answer.—*Marston v. Carr,* 16 Ala. 329; *Graves v. Cooper,* 8 Ala. 811. But unless the order granting further time to contest is made during the term, it cannot be made at a subsequent term, there being no express or implied waiver by the garnishee. *Cross v. Spillman,* 93 Ala. 170. Section 2187 of the Code of 1896, provides that "The garnishee must answer under oath according to the terms of the garnishment and may, if required by the plaintiff, be examined orally in the presence of the court." The right to require the garnishee to answer orally is conferred expressly upon the plaintiff, and the universal practice is, that if the written answer is unsatisfactory, to require the gar-

nishee to answer orally. The statute does not expressly limit the time within which the plaintiff shall demand an oral examination. The court may extend the time for the garnishee to answer, and his answer filed at any time before judgment for want of answer is held to be within time.—*Mercantile Co. v. McDonald*, 97 Ala. 508. The garnishee may also amend his answer, and it would seem that this may be done at a subsequent term.—*Buford v. Welborn*, 6 Ala. 818. In the case of *Wright v. Swanson*, 46 Ala. 708, the answer of the garnishee not being satisfactory, the plaintiff filed written interrogatories to the garnishee, and the cause was continued by agreement. At the next term of the court the garnishee answered the interrogatories in writing, and the answers not being satisfactory, the plaintiff moved the court for an order requiring the garnishee to answer orally. The garnishee moved to be discharged upon the ground that his answer was not controverted at the term at which it was made, and the court granted his motion and discharged garnishee. On appeal, this court held that the garnishee had waived his right by consenting to the continuance of the case and filing answers to the written interrogatories at a subsequent term, and further held that plaintiff had the right to have garnishee examined orally. The facts in the present case show that garnishees did not answer at the return term of the garnishment, but at the succeeding term; that the cause was continued, and the record does not show that garnishees objected to the continuance. It further shows, that at the following term, the court made an order discharging the garnishees, and that at the same term this order was set aside by consent of the parties, and the plaintiff moved for an oral examination. We are inclined to the opinion, that under the influence of the case of *Wright v. Swanson, supra,* the garnishees would be held to a waiver, but we prefer to rest our decision upon other grounds. We are of opinion, that a proper construction of the statutes, and the one in harmony with the decisions of this court, is, that the plaintiff has the right to require an oral examination of the garnishee, and this right is not lost or waived by the mere fact that he does not controvert the written answer of the garnishee at the term at which it is made, and that when no order or judgment is made by the court, upon the motion of the

garnishee to be discharged upon his written answer, or an order or judgment requiring the plaintiff to signify his acceptance of the written answer of the garnishee as satisfactory, or to controvert the same if unsatisfactory, and the cause is continued generally without objection by either party, the plaintiff's right to require an oral examination is preserved and may be enforced at the term to which the cause is continued. We adhere to our former ruling, that the answer filed, whether oral or written, cannot be controverted at a subsequent term, without an order of the court entered during the term. There is no conflict in this conclusion and the proposition that we have announced. An oral answer at a subsequent term, stands to the written answer, precisely as it would had it been made at the same term of the written answer. A written answer of a garnishee, stating as a legal conclusion, that he is not indebted, is not sufficient to outweigh an answer in which facts are stated which show an indebtedness.

Reversed and remanded.