(58 South. 638.)

No. 18,826.

ALBERT HANSON LUMBER CO., Limited, v. BALDWIN LUMBER CO., Limited, · et al.

(Nov. 13, 1911.  Rehearing Denied May 20, 1912.)

*(Syllabus by the Court.)*

VENDOR AND PURCHASER (§ 231*)—RIGHTS OF PARTIES—BONA FIDE PURCHASER — RECORD.

By Act No. 151 of 1853, re-enacted in Act No. 261 of 1855, and incorporated in the Civil Code of 1870, art. 2251, all notaries without the limits of the city of New Orleans, were required to deposit in the office of the parish recorder the originals of all acts passed before them, and the parish recorders were required to receive, indorse, and record such acts in certain books to be kept by him. The same statute further provided that such acts should have effect against third persons, only from the date of being deposited in the office of the parish recorder. Where a notarial act of sale of certain tracts of land, executed in the year 1849, was deposited in the office of the parish recorder, and was indorsed and indexed by that official, but in recording the deed there was a misdescription of a part of the lands conveyed, *held,* that the original deed forming a part of the archives of the recorder's office was notice to third persons of the particular tracts of land intended to be conveyed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 487, 513–539; Dec. Dig. § 231.*]

Provosty, J., dissenting.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Chas. J. Boatner, Judge ad hoc.

Action by the Albert Hanson Lumber Company, Limited, against the Baldwin Lumber Company, Limited, and others. From a judgment for defendant, plaintiff appeals. Affirmed.

Emmet Alpha and W. C. Baker, for appellant.  Borah & Himel and Paul Kramer, for appellee.

LAND, J.  This is a petitory action to recover the N. ½ of N. W. ¼ section 20, township 15 S., range 10 E., situated in the parish of St. Mary.  Both parties trace their titles to Robert Gibbs, who purchased the land from the state of Louisiana in the year 1847.  Defendant claims under a sale made by Robert Gibbs in 1849 to Adelard Carlin.  Plaintiff claims under a probate sale made in the vacant succession of Robert Gibbs in 1899.  The contention of the plaintiff is that the deed from Gibbs to Carlin was not inscribed on the records so as to give notice that the land in dispute had been conveyed.

The contention of defendant is that the land was properly described in the act of sale from Gibbs to Carlin; that said act, having been deposited in the proper office

and indorsed by the proper officer, was notice to the plaintiff of the lands conveyed; that through clerical error the land sold was misdescribed in the inscription of the deed on the books of the conveyance office; and that the defendant had acquired the property by the prescription of 10 years.

The deed conveyed—

"the fractional east half and southeast quarter of southwest quarter section seventeen, the northeast quarter of northeast quarter section nineteen; north fractional half of the north fractional half and the southwest quarter of the northeast fractional quarter of section twenty all in township fifteen south, range ten east, containing three hundred and nineteen 75/100 acres as per entry made of said land by the said vendor under state warrant No. 91 of the land office at Opelousas as per certificate from the register of the said land office dated the 19th day of March, 1847, exhibited at the execution of the act."

In the inscription of the deed on the conveyance book, the words "of the north fractional half," and the word "section" before the word "twenty," were omitted, making the description to read as follows:

"The north fractional half and the southwest quarter of the northeast fractional quarter twenty."

The plaintiff contends that the N. ½ of the N. W. ¼ of section 20 was not included in the description of record, and that, as the description in the original deed was not recorded, it can have no effect against third persons. The description as *recorded* is ambiguous from any point of view, and any construction that may be adopted cannot be reconciled with the precise acreage called for by the certificate from the state land office. However this may be, we have come to the conclusion that the original deed operated as notice to plaintiff. This deed was deposited in the office of the parish records in the year 1849, and was indorsed and indexed by the official. The deed was actu-

ally recorded, but the description of the lands conveyed was not correctly copied.

By Act No. 151 of 1853, re-enacted in Act No. 261 of 1855, and incorporated in the Civil Code of 1870, art. 2251, it was made the duty of all notaries, without the limits of the city of New Orleans, to deposit in the office of the parish recorder the originals of all acts passed before said notaries; and it was further provided that notarial acts thus deposited should form a part of the archives of the parish recorder, and should be immediately recorded. Section 3 of the same statute made it the duty of the recorder to indorse on the back of each act transmitted to him the time such act was received by him, and to record the same without delay, and further provided as follows:

"And such acts shall have effect against third persons, only from the date of their being deposited in the office of the parish recorder."

The deed from Gibbs to Carlin had already been deposited, indorsed, and indexed, and became effective against third persons from and after the passage of the act of 1853. The imperfect record of the deed was certainly notice that it had been deposited in the office of the recorder and formed a part of the archives of his office. The deposit and indorsement of the deed, without any record whatever, was sufficient notice to third persons. See Way v. Levy, 41 La. Ann. 447; Payne & Co. v. Pavey and Husband, 29 La. Ann. 116.

As the deed thus deposited and indorsed operated as notice to third persons, the plaintiff was bound to take notice of the misdescription of the property in the inscription of the deed in the conveyance book.

This conclusion renders it unnecessary to consider other points in the case.

Judgment affirmed.

See dissenting opinion of PROVOSTY, J., 58 South. 639.