(113 So. 261)

## COX v. THOMAS.  (8 Div. 795.)

Supreme Court of Alabama.    May 26, 1927.

**1. Garnishment ⬦═▷145—Contest of garnishee's answer, not filed during term at which answer is filed, is too late, unless time is extended.**

Plaintiff in garnishment, consenting to written answer, may demand oral examination of garnishee at subsequent term or at any time before garnishee is discharged, but cannot contest answer after term at which answer was filed, in absence of order extending time for contest.

**2. Garnishment ⬦═▷149—Garnishee, by voluntarily appearing and filing second complete answer, waived rights under original answer and subjected himself to oral examination.**

Though contest of garnishee's answer was filed too late, where, after plaintiff's demand for oral examination, garnishee voluntary appeared again and filed another complete answer, he waived original answer and rights thereunder, and subjected himself to intervening order for oral examination.

**3. Garnishment ⬦═▷145—Garnishee's filing second complete answer preserved rights of plaintiff to contest answer, if contest was filed during term oral answer was had.**

Where, on plaintiff's demand for oral examination of garnishee after term answer of garnishee was filed, garnishee voluntarily appeared and filed second complete answer, thereby waiving rights under original answer, plaintiff's right to contest oral or written answer was preserved, provided contest was made during term oral answer was had.

**4. Garnishment ⬦═▷196—Garnishee waived right to be discharged because made a defendant by answering as garnishee and procuring discharge as defendant.**

Where writ of garnishment was sued out and thereafter complaint was amended by making garnishee a party defendant, garnishee waived right, if any, to be discharged as garnishee by appearing and objecting to being made a defendant and procuring order striking him as such party, and also by answering as garnishee after he was made a defendant.

**5. Partnership ⬦═▷208(1)—Garnishment cannot be defeated on theory that fund is due to partnership of which defendant is member, where other member had assigned his interest to garnishee and withdrawn, and garnishee had dealt with defendant as individual.**

Where garnishee sublet contract for road construction to C. and M., and thereafter garnishee bought out M.'s interest in the enterprise, and where there was nothing to show that C. and M. was a partnership or a joint enterprise, and, if there was a partnership, sale of interest by M. effected an immediate dissolution, earnings of C. under the contract were due to him and recoverable in action of debt against garnishee, and hence could be reached by garnishment at suit of C.'s creditors.

**6. Partnership ⬦═▷208(1)—Whether garnishee was partner in road construction contract was immaterial, where work was divided up and garnishee sublet portion allotted to him.**

Where part of contract for road construction was sublet to C. and M., who divided up their work, and C. sublet portion of his work to defendants in garnishment, whether there was a partnership between C. and M. was immaterial, in action by creditor of defendant in which writ of garnishment was sued out against C.

**7. Judgment ⬦═▷495(2)—Judgment against defendants held properly admitted in garnishment proceedings without proof of service of process, in view of presumptions.**

In garnishment contest, minutes of circuit court showing judgment against defendants were properly received in evidence without proof of service of process; jurisdiction of their persons being presumed.

**8. Partnership ⬦═▷208(5)—Where partners individually could have sued garnishee, it is immaterial that judgment was not against them as a partnership.**

Where evidence showed that judgment against defendants was for a joint partnership debt and was a proper foundation for judgment against garnishee for any debt due to partnership composed only of two judgment defendants, who could have sued garnishee in their individual names, it was immaterial that minutes of circuit court did not show that judgment against defendants was against them as partners.

**9. Appeal and error ⬦═▷1002—Finding of jury on disputed facts will not be disturbed.**

Where question whether garnishee was indebted to defendants in garnishment was question of disputed fact, to be determined by jury, its finding thereon will not be disturbed, despite contradictory evidence.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by L. W. Thomas against W. W. Carpenter & Son; C. B. Cox, garnishee. From a judgment for plaintiff, the garnishee appeals. Affirmed.

Statement by SOMERVILLE, J.:

The plaintiff, L. W. Thomas, sued W. W. Carpenter & Son, on August 16, 1922, for work and labor done by him for defendants on public road construction, and on the same day sued out an ancillary writ of garnishment against C. B. Cox, as garnishee.

On August 23, 1922, Cox filed his written answer, averring that he was not then, nor after the garnishment, indebted to the defendants in money or property, but his answer further stated:

"That he contracted with one L. P. Mason to build certain portions of the state highway, which is now under construction in Marshall county, Ala.; that the said L. P. Mason subcontracted this work to W. W. Carpenter & Son, and departed the state, and is now a nonresident of the state of Alabama; that the said W. W. Carpenter & Son quit the contract and

left the state and are now nonresidents of the state of Alabama, and the said garnishee was forced to take over the contract of the said W. W. Carpenter & Son and complete the work; that he cannot tell at this time, nor will he be able to tell until the work is completed, whether or not he will be indebted in any sum whatsoever to the defendants."

At the next session of the circuit court of Marshall county, held on January 13, 1923, plaintiff appeared and filed his motion to amend the complaint by making C. B. Cox a party defendant, and also to have an oral examination of the garnishee. Both motions were granted, and the cause was continued.

Cox was made a party defendant by process served on him on April 5, 1923.

On April 14, 1923, Cox demurred to the complaint on several grounds; and on December 10, 1923, he made further answer to the garnishment, denying any indebtedness, and claiming that Carpenter & Son were indebted to him in the sum of $772.03, "by reason of default in the execution and completion of a contract for the construction of a part of a public highway."

On July 17, 1924, plaintiff and Cox appeared by their attorneys, and, on Cox's objection "to being made a party defendant in this case," it was "ordered and adjudged that his name be stricken as a party defendant," and that he recover costs, etc.; "and, after oral examination of the garnishee denying liability, the plaintiff files his contest of such answer," and the cause was ordered continued.

The contest thus filed by plaintiff set up seven grounds specifying wherein the garnishee's answer was untrue, challenging the amount of work done by defendants, the amount of the retained percentage of what was due them, the amount of work necessary to complete defendants' contract, and the amount of the garnishee's account against defendants.

To this statement of contest the garnishee demurred, on the grounds, substantially, that it did not show that he was indebted to defendants, nor how he was indebted, and that the issues tendered were matters of evidence only, and were foreign to the real issues.

On January 13, 1925, this demurrer was overruled, and, issue being joined on the contest, the verdict of the jury was that the garnishee, Cox, was indebted to defendants in the sum of $3,375, and judgment was rendered for plaintiff against the garnishee for the amount of plaintiff's judgment against defendants, being $955, with interest.

Before entering upon the trial, Cox moved the court to strike the garnishment cause from the docket, on the ground that the contest was filed too late, and also because the garnishee had been made a party defendant to the main suit, which motion was overruled.

The evidence showed that the W. T. Taylor Construction Company was under contract with the state highway department to build a public road known as project No. 88 in Marshall county; that said company, on May 9, 1922, sublet a specified portion of said work to C. B. Cox and L. W. Malone, that Cox and Malone divided up their work, and Cox, on May 9, 1922, sublet a portion of his part to W. W. Carpenter & Son and L. P. Mason, and on July 13, 1922, said Mason conveyed and transferred to Cox "all interests or shares in all estimates 'past or future (on this project) which might otherwise have accrued to L. P. Mason, or L. P. Mason & Co.," and in consideration therefor Cox assumed "all outstanding obligations of L. P. Mason, or L. P. Mason & Co., incurred in connection with (this project), (except one specified account), and for value received for all due L. P. Mason over and above these obligations."

Plaintiff's evidence tended to show the amount of work done by Carpenter & Son and the amounts due therefor under the contract, prior to their abandonment of the work.

The garnishee's evidence tended to show that Carpenter & Son owed a balance to him after he completed the work.

Charges 1 and 2, refused to the garnishee, were as follows:

"(1) The court charges the jury that, under the evidence in this case in the way of written contracts, if Carpenter failed to carry out his contract and abandoned the construction of the road, then in that event he would not be entitled to anything then unpaid on the work done by him.

"(2) The court charges the jury that, by reason of the complicated nature of the accounts between the parties and their relation as partners or persons in a joint enterprise, this court is not the proper place to settle it, and your verdict should be for the garnishee."

The garnishee moved for a new trial, which motion was overruled, and he appeals.

J. A. Lusk, of Guntersville, for appellant.

Only third persons, and not defendants in suit or execution of judgment, are subject to garnishment. Swift & Co. v. Centerville Co., 161 La. 183, 108 So. 408; 28 C. J. 51. An action at law or garnishment proceeding will not lie to recover a supposed indebtedness by defendant or garnishee, growing out of a partnership transaction, without a settlement of the partnership. 28 C. J. 98, 101, 30 Cyc. 444; Cox v. Bates, 215 Ala. 5, 109 So. 108. To contest answer of garnishee, oath of contest must be filed at the term the answer is made, unless time is extended. Code 1923, § 8076; Roman v. Dimmick, 123 Ala. 366, 26 So. 214; Cottingham v. Greely, 129 Ala. 200, 30 So. 560, 87 Am. St. Rep. 58; Roman v. Baldwin, 119 Ala. 257, 24 So. 360; 20 Cyc. 986, 1103; First Nat. Bank v. Dimmick, 177 Ala. 571, 58 So. 658. Change of

garnishee to defendant was an abandonment of garnishment proceedings. 28 C. J. 359. If plaintiff wished to hold Cox as garnishee after striking him as defendant, another writ of garnishment should have been sued out. 28 C. J. 217; Schiele v. Dillard, 94 Ark. 277, 126 S. W. 835. Only legal rights can be reached by process of garnishment. Godden v. Pierson, 42 Ala. 370; Toomer v. Randolph, 60 Ala. 357; Harrell v. Whitman, 19 Ala. 135; Roby v. Labuzan, 21 Ala. 60, 56 Am. Dec. 237; Henry v. Murphy, 54 Ala. 246; Jones v. Crews, 64 Ala. 368; Hodges v. Coleman, 76 Ala. 103. The fact that defendants could not maintain indebitatus assumpsit is a complete answer to the writ. Craft v. Summersell, 93 Ala. 430, 9 So. 593; Code 1923, § 8051, note; 20 Cyc. 1029–1032; 12 R. C. L. 4, 6, 16, 27, 28; Drake, Attachments, §§ 541, 553. Record of plaintiff's judgment against defendant was irrelevant and inadmissible. Taliaferro v. Lane, 23 Ala. 369; Curtis v. Parker, 136 Ala. 217, 33 So. 935; Dollins v. Pollock, 89 Ala. 351, 7 So. 904; Monroe County Growers' v. Harper, 20 Ala. App. 532, 103 So. 600. The issue is not one as to plaintiff's cause of action against defendants. 20 Cyc. 1103. A garnishee may retain any debt owing by defendant to him. Powell v. Sammons, 31 Ala. 552; Price v. Masterson, 35 Ala. 483; Lightfoot v. Rupert, 38 Ala. 666; First Nat. Bank v. Minge, 186 Ala. 405, 64 So. 957.

Thos. E. Orr, of Albertville, for appellee.

When an oral answer is demanded, it becomes a part of the answer. Code 1923, § 8067. Plaintiff had the right to conduct the oral examination and contest it. First Nat. Bank v. Dimmick, 177 Ala. 571, 58 So. 659; Jefferson County Bank v. Nathan, 138 Ala. 342, 35 So. 355. It was within the discretion of the court to permit Cox to be made a party defendant and to grant his motion to strike his name as such. 28 C. J. 359.

SOMERVILLE, J. [1] The record shows that the garnishee, Cox, filed his written answer August 23, 1922, denying his indebtedness to the defendants, and stating that he could not say whether he would in future be indebted to them until he had completed certain work which they had contracted to do, but had abandoned unfinished. This answer was not controverted, but on January 13, 1923, at the next ensuing open session of the circuit court, plaintiff moved the court for an oral examination of the garnishee, and this motion was granted, and the cause continued.

Thereafter, on December 13, 1923, the garnishee filed another answer, denying any indebtedness at all, and claiming that defendants were indebted to him.

It further appears that the oral examination was held on July 17, 1924, the garnishee "denying liability," and that plaintiff thereupon filed "his contest of such answer."

In First National Bank v. Dimmick, 177 Ala. 571, 589, 58 So. 658, 664, in the originally dissenting opinion of Mayfield, J., which on rehearing was adopted as the opinion of the court, it was declared:

"If the plaintiff consents for the garnishee to answer originally in writing, or if he fails to have the garnishment or citation to direct whether the answer shall be oral or written, the garnishee may then answer in writing: and if the plaintiff fail to object to this answer at that term, either by denying, contesting, or demanding an oral answer, he may at a subsequent term demand an oral examination of the garnishee; but, in this case, the oral examination is a mere continuation of the written answer, and dates from the time it was made, and is for the purpose of determining whether or not the plaintiff is entitled to a judgment upon the answer. Under the decisions of this court the plaintiff would not be entitled to contest that answer at a subsequent term, but if he had originally demanded an oral answer, or if at the time at which the answer was made, he had objected to the answer for insufficiency, or because in writing, or upon any other proper ground, and had demanded an oral answer, and that answer was not made until the succeeding term, he would unquestionably have the right to contest that answer, because until the answer was made he would not know whether he desired to contest it or not."

Under the principles there affirmed, and under our decisions many times repeated, if the garnishee had stood upon his answer of August 23, 1922—although the plaintiff could have demanded an oral examination during the ensuing term, or at any time before the garnishee was discharged (Roman v. Baldwin, 119 Ala. 257, 24 So. 360), and would have been entitled to judgment against the garnishee if the oral examination showed indebtedness to the defendant, even without filing any contest (Montgomery Candy Co. v. Wertheimer-Swarts Shoe Co., 2 Ala. App. 403, 57 So. 54; White v. Kahn, 103 Ala. 308, 15 So. 595)—plaintiff's contest of that answer would have come too late because not filed during the term when the answer was filed; there being no order of the court extending the time for contesting, either expressly or by implication (Roman v. Baldwin, 119 Ala. 257, 260, 24 So. 360).

[2, 3] But when, after plaintiff's demand for an oral examination, the garnishee voluntarily appeared again and filed another complete answer, he necessarily waived his original answer and his rights thereunder, and subjected himself to the intervening order of the court for his oral examination. This preserved plaintiff's right to contest the oral answer or the written answer, or the answer as a whole, provided he did so during the term when the oral answer was had; that is, during the term from the first Monday in January through the last Saturday in June.

First National Bank v. Dimmick, 177 Ala. 571, 590, 58 So. 658. The record shows that the contest was filed on the same day with the oral answer, and it was therefore filed in time.

[4] But the garnishee insists that when he was made a party defendant to the suit he was ipso facto discharged as garnishee. Conceding, without deciding, that one person cannot properly be made both a codefendant and a garnishee in the same suit (see 28 Corp. Jur. 51, § 57), we know of no authority for holding that the objection thereto may not be waived. Unquestionably, in the instant case, the garnishee waived his right to be discharged as garnishee after he was made a codefendant, if he had such a right, by appearing and objecting to being made a party defendant, and procuring an order of the court striking him as such a party, and waived the right also by answering as garnishee after he had been made a defendant. For these reasons this objection to the maintenance of the garnishment suit was not available to the garnishee, and his motion was properly overruled.

[5] By objection to the introduction in evidence of the contract by which Cox sublet a part of the road work to Carpenter & Son and L. P. Mason, and also by a requested instruction to the jury, the garnishee invoked, and sought to apply herein the principle that no action at law lies in favor of one partner against his copartner upon any obligation or claim growing out of the partnership relation and business until there has been a settlement of that business, and a balance struck between them. Phillips y. Lockhart, 1 Ala. 521; Merrill v. Smith, 158 Ala. 186, 48 So. 495; Brown, Adm'r, v. Burnum, 99 Ala. 114, 12 So. 606. This of course predicates the existence of a partnership between Cox and Carpenter & Son with respect to this road construction; the theory being that there was such a partnership between Carpenter & Son and L. P. Mason, and that by buying out Mason's interest in the enterprise Cox took his place as a copartner with the Shepherds.

This theory is not tenable for several reasons. In the first place, though the subletting by Cox was to "Carpenter & Son and L. P. Mason," there is nothing to show that the work was in fact prosecuted by them in partnership or as a joint enterprise, or that they ever considered themselves as partners. Again, had they actually begun the work as partners, Mason's assignment of his interest to Cox on July 13, 1922, followed by his complete withdrawal, worked an immediate dissolution of the partnership (Monroe v. Hamilton, 60 Ala. 226; Goldsmith v. Eichold, 94 Ala. 116, 10 So. 80, 33 Am. St. Rep. 97), and thereafter the earnings of Carpenter & Son under this contract was due to them alone. And finally, Cox himself dealt with Carpenter & Son as independent contractors and not as copartners with himself.

We conclude that whatever was due to defendants from Cox for work done under the contract in question could have been recovered by them in an action of debt, or indebitatus assumpsit, after the completion of the contract for them by Cox, and hence can be reached by garnishment at the suit of their creditors. Craft v. Summersell, 93 Ala. 430, 9 So. 593.

In reaching this conclusion, we have not taken into account the sworn plea of Cox, found in the record, that "he is not, and never has been, a partner of the firm of W. W. Carpenter & Son, * * * nor a partner of either of them under any firm name whatever."

[6] Whether there was or was not a partnership arrangement between Cox and Malone is not material to this case. However, there is no evidence of any such arrangement, so far as the Carpenters' part of the work is concerned.

Exceptions were reserved to numerous rulings on the admission of evidence. We have examined all of these, and, while several irrelevant matters seem to have been admitted, none of them were of material importance, or could have affected the result.

[7, 8] The minutes of the circuit court showing a judgment in favor of the plaintiff, Thomas, against W. W. Carpenter and Charley Carpenter (shown to be his son) for $955 was properly received in evidence without proof of service of process on them; the court's jurisdiction of their persons being presumed. White v. Simpson, 107 Ala. 386, 18 So. 151. Nor was it material that the judgment entry did not show that the judgment was against them as partners. That it was for a joint partnership debt was abundantly shown by extrinsic evidence, and it was a proper foundation for a judgment against the garnishee for any debt due from him to Carpenter & Son, a partnership composed only of the two judgment defendants, since Carpenter & Son could have maintained a suit against Cox, suing merely in their individual names, without averring that they were partners. Long v. Kansas City, etc., R. Co., 170 Ala. 635, 639, 54 So. 62.

[9] Whether or not Cox was indebted to Carpenter & Son, and in what amount, if any, were clearly questions of disputed fact for determination by the jury; and, in view of the specific evidence of the amount of work done by the Carpenters, and the price stipulated to be paid therefor, coupled with Cox's admissions of a substantial indebtedness to them under the contract, we are not warranted to disturb the conclusions of the jury, notwithstanding the contradictory evidence offered by Cox.

It results that the judgment of the trial court must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.