## EASTON *vs.* LOWERY.

[ACTION COMMENCED BY ORIGINAL ATTACHMENT AND GARNISHMENT.]

1. *Garnishee's written answer part of record.*—Although the garnishee may answer in writing, yet the plaintiff has the right (Code, § 2540) to require an oral answer in the presence of the court; and when the record shows that, after the garnishee had filed a written answer, he was again examined orally in open court, and that this oral answer was, by order of the court, reduced to writing and filed, the written and oral answers together constitute but one answer.

2. *Summons of transferree.*—If the answer of the garnishee shows that a third person claims an interest in his debt to the defendant in attachment, it is the duty of the court to have him cited to appear and contest the plaintiff's right to the money, although his claim may appear, from the facts stated in the answer, to be invalid.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THE record shows these facts: Wm. C. Easton sued out an original attachment against Cornelius Woodall on the 27th January, 1855, and on the same day John Lowery was summoned by process of garnishment as the debtor of said Woodall. At the ensuing February term, the garnishee filed a written answer, which was sworn to and subscribed before the clerk of the court on the 13th February, and which is as follows : " John Lowery, being duly sworn," &c., " says, that he was not indebted to said Cornelius Woodall at the time of the levy of the attachment, nor at the time of making this his answer ; that he will not be indebted to him by a contract now or then in existence ; that he has not in his possession, or under his control, personal or real property, or things in action, belonging to said defendant.   He further says, that he employed said Woodall to do some work at the light-house at Pascagoula, in the State of Mississippi, previous to the 7th October, 1854 ; that said Woodall, on said 7th October, 1854, drew an order on him for $163, in favor of one George Draper ; that said order was presented to him by said Draper, on or about the 11th October, 1854, which said order he then verbally accepted, to be paid when the work was done on said light-house according to said contract with Woodall, and only for the amount which should be due to said Woodall according to said contract ; that the sum due to said Woodall upon said contract is about $120, (said contract being now finished,) which sum, by reason of his acceptance of said order in favor of Draper, of right belongs to said Draper."

The record then shows the following memorandum by the clerk : " And on the 29th June, 1855, said Lowery appeared in open court, and, in addition to the above, made the following explanation ; which, together with the above, was received

as his answer, and ordered by the court to be filed." The answer then set out, which is marked "Filed by order of court, June 29, 1855," is as follows : " John Lowery don't recollect the time in October when the said order was presented to him, but it was in October. Don't know whether Woodall has paid Draper any money, but he (Lowery) never has. Woodall told him something about this claim of Easton against him. Thinks Woodall said he was to pay it in work. Never made any arrangement with Lowery to pay Easton. Don't recollect calling on Easton in behalf of Woodall. Woodall mentioned this debt to Easton in conversation with Lowery, and that he expected to pay it in work, which Lowery subsequently mentioned to Easton."

The judgment entry, dated June 29, 1855, recites that the plaintiff and the garnishee "came in their own proper persons ; and said garnishee having answered in open court, which answer is reduced to writing, and ordered to be filed, it is thereupon considered by the court, that said garnishee go hence discharged, and recover of the plaintiff his costs in this behalf expended."

The judgment discharging the garnishee is now assigned as error.

GEO. N. STEWART, for the appellant.

F. S. BLOUNT, *contra.*

RICE, C. J.—The first question to be considered is, whether we are authorized to look to the answer of the garnishee as a part of the record; for, unless we can so regard the answer, it is very clear there is no error in the judgment.

Section 2540 of the Code authorizes the garnishee to answer in writing; but, even when he has done so, secures to the plaintiff the right to require him to be examined orally in the presence of the court. Accordingly, the garnishee in this case filed his answer in writing on the 13th February, 1855 ; but afterwards, and on the 29th June, 1855, he appeared, and answered orally in open court. The judgment entry shows, that this answer in open court was "reduced to writing, and ordered to be filed." It appears by endorsements on these answers, that each of them was filed ; and

taking them, and the endorsements on them. and the recitals in the judgment entry, all together, it is clear that the two answers constitute in law but one answer, the last being a mere explanation of the first, and form the basis of the judgment in favor of the garnishee. The recitals in the judgment, in connection with the endorsements on the two aforesaid writings, which together constitute the answer, authorize us to treat that answer as part of the record.—Price v. Thomason, 11 Ala. Rep. 878; Jones v. Howell, 16 Ala. R. 695.

That answer showed, that George Draper claimed title to, or an interest in, the debt which the garnishee admitted to be due ; and therefore it was the plain duty of the court, under section 2549 of the Code, to have suspended proceedings against the garnishee, and caused a notice to issue to said Draper, to appear at the next term of that court, and contest with the plaintiff the right to the money. But, instead of this, the court discharged the garnishee, without the consent of the plaintiff, and without any waiver of the right, secured to him by section 2549 of the Code, to contest with Draper the right to the money. In thus discharging the garnishee, the court below erred. Its judgment is therefore reversed, and the cause remanded.