# Henry *v.* McNamara.

### *Contest of Answer of Garnishee.*

1. *Garnishment; immature claims reached by.*—The immature claims of indebtedness accruing to a defendant which may be subjected to garnishment are those which spring from contracts in existence when the lien of the garnishment process attaches. Code, § 2175. A contract of employment which by its terms makes its continuance at all times dependent on the will of either party, hinges the contingency of indebtedness upon the volition of the parties rather than upon the contract or its performance; and, hence, will not support garnishment to subject future indebtedness.

2. *Overdraws of defendant from garnishee when allowed to garnishee on contest of answer.*—Where in a contest of the answer of a garnishee it appears from the manner of dealing between a defendant in attachment and the garnishee that the defendant was allowed to overdraw for his services by way of payment in advance, these payments are available to extinguish *pro tanto* the garnishee's liability without being pleaded or claimed as a set-off.

3. *Garnishee; what is not included in the issue on contest of answer.*—Where a garnishee answered no indebtedness on a certain day in a justice court, and on appeal to the circuit court he again so answered, and the latter answer was contested, the issue on the contest would not include indebtedness of the garnishee accruing between the two answers, unless it remained unpaid at the date of the last answer and was thus made material by reason of its being included in the issue tried.

APPEAL from Mobile Circuit Court.

Tried before Hon. W. S. ANDERSON.

John Henry sued John A. Kaune in justice court and garnisheed J. T. McNamara. On contest of answer judgment was rendered against the garnishee. He appealed

to the circuit court. His answer of no indebtedness was there contested, and the issue found in his favor. The evidence showed that the defendant was employed by the garnishee as a bartender at the rate of $40.00 per month, but it was an employment from day to day and not for any specified time; that the defendant was paid every day, and was frequently overpaid; and that he had charge of the cash drawer and was at liberty to take money therefrom by leaving a due bill for the amount in the drawer. Charges 1, 2, 3 and 4 refused to plaintiff are as follows: Charge 1. "Even if Kaune owed Mc-Namara at any time covered by this garnishment yet that would not of itself prevent McNamara from becoming indebted also to Kaune, and in this cause there has been no set-off claimed by McNamara, and none can be allowed him." Charge 2. "Burden of proving all payments in advance is on the garnishee, and if he has not shown them all they are not proved."

Charge 3. "Notwithstanding the garnishee's answer that he owed nothing, yet if from his statement of facts it is not shown that he paid in advance for any particular month, an indebtedness could accrue under the contract in this case for such month, and the garnishee could not pay it, or allow it paid over the garnishment without being liable therefor."

Charge 4. "If anything became due from Mr. Mc-Namara to Mr. Kaune for either or both of the months of April and May, 1895, under the contract of employment in this case, he would have no right to pay Mr. Kaune or allow Mr. Kaune to pay himself over the gar-nishment, and if that were done the garnishee would be liable to plaintiff for whatever was so paid."

D. B. COBBS, for appellant, cited, *Ensley v. Rogan*, 95 Ala. 297; *Grey v. Perry, Hdw. Co.*, 111 Ala. 532; *Teague v. Barnett*, 85 Ala. 495.

T. M. STEVENS, *contra*, cited, on charges 2, 3 and 4, 3 Brick., p. 112; *Henry v. McNamara*, 22 So. Rep. 428.

SHARPE, J.—The immature claims of indebtedness accruing to a defendant which may be subjected to garnishment, are those which spring from contracts in existence when the lien of the garnishment process attaches. Code, § 2175. An indebtedness contingent upon the making of a new contract, or the renewal of an existing one, is not within the terms or meaning of the statute. To create the liability the contract must be such as that the duty of payment is already fixed, or is fixed to result from its performance. A contract of employment which by its terms makes its continuance at all times dependent upon the will of either party, hinges the contingency of indebtedness upon the volition of the parties rather than upon the contract or its performance. The court correctly charged in substance that such a contract does not evidence a future indebtedness subject to garnishment.—*Archer v. People's Savings Bank,* 88 Ala. 249; *Alexander v. Pollock,* 72 Ala. 139.

Of the charges requested by the plaintiff the first is incorrect. The sums overdrawn by defendant from garnishee's funds appear from their manner of dealing to have been allowed by way of payment in advance for defendant's services. As payments they were available to extinguish *pro tanto* the garnishee's liability without being pleaded or claimed as a set-off.

Upon the former appeal in this case it was decided that the garnishment did not reach any indebtedness accruing after answer made; that on appeal from the justice court the garnishee was not bound to answer as to debts accruing after the answer in the justice court. It was also held that though a new answer denying present indebtedness would afford the plaintiff an opportunity to make an issue as to whether an indebtedness existed at that time, yet such a denial did not warrant an issue as to debts accruing between the two answers and not owing at the time of the last.—*Henry v. McNamara,* 22 So. Rep. 428. The answer was made in the justice court on March 1st, 1895. The effect of the former ruling is to exclude from the reach of this garnishment debts accruing on account of defendant's services after that date unless they remained unpaid at the time the answer was filed in the circuit court and the fact of in-

[Sanders v. Steele *et al.*]

debtedness at the latter date was only made material by reason of its having been included in the issues tried.

Charges 2, 3 and 4 are each misleading in ignoring the last stated principle, and in not confining their propositions relating to the effect of payments, to such payments as were made on indebtedness covered by the garnishment.

Let the judgment be affirmed.