## Arthur O. Trottier *vs.* Thomas Foley.

### JANUARY 7, 1920.

Present: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

(1) *Garnishment. Assignment of Wages.*

Defendant on account of a loan from his employer gave a receipt, "Received from X. Co. $50 against which I pledge my wages until paid back. They to retain $2 per week or more if they see fit."

Two attachments of the personal estate of defendant in the hands of the employer were made and in each case after the attachment, the garnishee deducted $2 from the amount of wages due and paid over the balance to defendant and made a return of "no funds."

Held, that the agreement was in effect an assignment of wages and not being recorded was invalid as against the attaching creditor, and further it was fraudulent against creditors.

Held, further, that it was the privilege and duty of the garnishee within a reasonable time after the attachment to elect whether or not it would set-off its claim against defendant's claim, and its action in paying over part of the wages to defendant was an election not to set-off and an admission of indebtedness to the amount of the funds turned over.

Writ of Error by garnishee in action in assumpsit. Judgment of lower court affirmed.

Stearns, J. Petition for a writ of error by Original Bradford Soap Works, Inc., garnishee, to the District Court of the Sixth Judicial District. The writ was ordered and issued and the case is now before this court on writ of error.

After the opinion (*Trottier* v. *Foley,* 42 R. I. 389) was given by this court, the justice of the district court amended and amplified his decision by filing a written decision in which the court noted its conclusion of law and fact (Gen. Laws, 1909, Chap. 289, § 20).

The facts as thus disclosed are as follows: The defendant, who was in the employ of the garnishee at a weekly wage of $24. on August 9, 1919, received a loan from his employer of $50. for which a receipt was given to the employer as follows: "August 9, 1919, Received from Original Bradford Soap Works, Inc. $50.00 against which I pledge my wages until paid back. They to retain $2. per week or more if they see fit. Thomas Foley."

On August 16 and August 23, the garnishee deducted $2. from the defendant's wages earned and due at those dates and applied the $2. each time in part payment of the loan and each time paid over the balance of the wages to the defendant.

August 25, 1919, the plaintiff Trottier brought suit against Foley on book account by writ returnable September 10; attachment of the personal estate of the defendant in the possession of the garnishee was made and prior to the return day of the writ, a writ of attachment of mesne process was also served on the garnishee. The case was not answered by the defendant and thereafter, on motion and proof, judgment was entered for the plaintiff for $10.25 and costs, the garnishee was charged to the extent of $14. on the original attachment and to the extent of $18. on the attachment by mesne process.

On August 28, the date of the service of the first writ of attachment, the amount of wages earned by and due to the defendant was $16. the amount unpaid on the loan and due to the garnishee was $46. On August 30 the garnishee deducted $2. from the amount of wages $16. then due defendant, applied the same in part payment of the loan, and paid over to the defendant $14. the balance of his wages and thereafter filed its answer of no funds in its hands belonging to defendant. On September 5, the date of the service of the writ of mesne process upon the garnishee, the defendant had earned $20. in wages for the week preceding and the amount of the loan thereon unpaid was $44. On the day following, September 6, the garnishee deducted $2. from the defendant's wages and applied the same in part payment of the loan and paid over the balance of $18. to the defendant and claimed a balance due to it on said loan of $42. Thereafter the garnishee filed its answer of no funds belonging to the defendant at the time of the service of the writ of mesne process. The treasurer of the corporation, garnishee, who signed the garnishee's answers, was summoned to testify in relation to the facts and after a hearing the garnishee was charged as above stated.

The only question now raised by the garnishee is in regard to the right of the court to charge it as garnishee. The amount of the charge is not in issue. The claim of the (1) garnishee is that, as the defendant at the time of the service of each of the writs of garnishment was indebted to the garnishee for a larger amount than the amount due to defendant for wages, there was no property of the defendant in its hands subject to attachment and, as it is claimed the defendant could not sue for and receive the amount of wages earned, consequently the attaching creditor who has no other or greater rights than the defendant has no right to a recovery.

The trial justice found specifically that at the time of the two attachments or immediately thereafter the garnishee decided and elected to retain only $2. each time out of the wages earned and in its hands in payment of its loan and treated the balance of such wages on each of those occasions as the property of the defendant; that the acts of the garnishee in applying only a small portion of the money earned by the defendant to the payment of the loan, in paying over the balance of such money to the defendant, in thus keeping its own claim open and alive and making its answer of no funds in its possession, because as it claims the defendant is still indebted to it in a larger amount, operated to delay, hinder and defraud other creditors and that the garnishee should be charged to the extent of the several amounts paid over to the defendant after each attachment.

We find no error in the action of the trial justice. The agreement evidenced by the writing above quoted is in legal effect an assignment of wages. Sec. 5, Chap. 260, Gen. Laws, "Of the assignment of wages," is as follows: "The term 'assignment' as used in this chapter shall include every instrument purporting to transfer an interest in or an authority to collect the future earnings of any person." The writing in question purports to transfer an interest in future wages by way of a pledge and hence is an assignment. As it was not recorded as required by Sec. 3, Chap. 260, it

is not valid as against the attaching creditor. The agreement is invalid as it is fraudulent against creditors.

In *Hickey* v. *Ryan,* 19 R. I. 399 and in *Robinson* v. *McKenna,* 21 R. I. 117, it was held that a debtor can not lawfully place his earnings beyond the reach of attachment and at the same time then receive a portion thereof for his own use, and an assignment of wages which is intended to accomplish this result is fraudulent against creditors and hence is not valid.

In the absence of any agreement between the defendant and the garnishee, the latter if sued by the defendant could in the circumstances defeat such suit by a plea of set-off. (Gen. Laws, Chap. 288, §§ 10 to 13 inc.). Such procedure by the garnishee is optional however and requires an election by the garnishee between the defence of set-off or procedure by original action against the defendant for the recovery of the amount of the loan. In the present case the garnishee by his answer claims that he has elected to set-off the entire amount of wages due, but as a matter of fact he only elected to set-off part of the debt and the balance due to defendant is by his own act and election treated as the property of the defendant and consequently he is clearly chargeable as garnishee for the amount of wages turned over to defendant after the attachment. It was the privilege and also the duty of the garnishee within a reasonable time after the attachment was made to elect whether or not he should set-off his claim against defendant's claim. But the garnishee must act with good faith and can not be permitted to take inconsistent action to the prejudice of the attaching creditor.

The garnishee exercised his right of election and by his action in paying part of the wages to the defendant thereby admitted his indebtedness to the defendant to the amount of the funds turned over to him. To allow the garnishee to claim his right of set-off to defeat the claim of the creditor, and then to permit him to pay the fund in controversy to the defendant would result in effecting a fraud on the other creditors of the defendant.

We find no error in the record. The judgment of the district court is affirmed, and the papers in the case will be sent back to the District Court of the Sixth Judicial District.

*John L. Curran,* for garnishee.

*Robinson & Robinson, David C. Adelman,* for Arthur O. Trottier.