## GULF STATES STEEL CO. v. HOUSTON FURNITURE CO.   (6 Div. 871.)

(Court of Appeals of Alabama.   April 13, 1926. Rehearing Denied Oct. 26, 1926.)

1. **Garnishment ☞114—Garnishment lien attaches to debt garnishee owes defendant at time of service, or time of answer, or becoming due between time of service and answer, or contest thereof, or in the future under existing contract.**

Lien of garnishment attaches to any debt of garnishee to defendant owing at time of service of writ or at time of answer, or becoming due at any time between service and answer, or the contest thereof, or in the future under a contract existing at time of service or answer.

2. **Courts ☞92—Dicta of Supreme Court on undecided question is binding on Court of Appeals.**

Where dicta of Supreme Court affords information on question which has not been directly decided, it is statutory duty of Court of Appeals to follow it.

3. **Garnishment ☞148—Where garnishee filed written answer which was uncontested and later answered orally, its liability was measured as of date of written answer.**

Where writ of garnishment was served November 13, 1924, and garnishee filed answer in writing on November 15, 1924, at which time it owed defendant nothing, and on November 29, 1924, garnishee was cited to appear and answered orally, at which time it was indebted to defendant, held that, since the written answer was uncontested and there was nothing coming due under any pre-existing contract, garnishee's liability was measured as of November 15, 1924.

4. **Courts ☞189(1)—That garnishment litigation arose in inferior court of Bessemer did not change law as to time garnishment lien attached.**

That garnishment litigation arose in inferior court of Bessemer, a court with jurisdiction in such matters identical with that of justices of the peace, did not render inapplicable or change law with reference to time garnishment lien · attached to debt owing from garnishee to defendant.

Appeal from Circuit Court, Jefferson County;. J. C. B. Gwin, Judge.

Action by the Houston Furniture Company against George Wilson, defendant, and Gulf States Steel Company, garnishee.  From a judgment of the circuit court on appeal affirming a judgment for plaintiff in the inferior court of Bessemer, the garnishee appeals.  Reversed and remanded.

Certiorari denied by Supreme Court in Gulf States Steel Co. v. Houston Fur. Co., 110 So. 478.

Percy, Benners & Burr, of Birmingham, and Goodwyn & Ross, of Bessemer, for appellant.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The garnishee may answer the garnishment at once, in which event no money or effects subsequently coming into his hands or debts contracted are subject to the lien created by the service. Henry v. McNamara, 114 Ala. 107, 22 So. 428; Code 1923, §§ 8055, 8067, 8759, 8760.

Mathews & Mathews, of Bessemer, for appellee.

The order for an oral examination kept the garnishee before the court, and any payment by the garnishee to defendant during pendency of the garnishment proceeding was at its risk. Lady Ensley Fur. Co. v. Rogan, 95 Ala. 596, 11 So. 188; Montgomery Candy Co. v. Wertheimer-Swarts Shoe Co., 2 Ala. App. 406, 57 So. 54; Alexander v. Birmingham T. & S. Co., 206 Ala. 53, 89 So. 66, 16 A. L. R. 1079.

Estes & Smithson, Lipscomb & Lipscomb, McEniry & McEniry, Bumgardner & Wilson, and L. L. Lockwood, all of Bessemer, amici curiæ.

RICE, J. Appellee brought suit in the inferior court of Bessemer against one George Wilson, an employee of appellant. The writ of garnishment, in aid of this suit, was duly issued by the clerk of said court on the 3d day of November, 1924, directed to garnishee (appellant) commanding it to appear before said court on the day therein specified, November 29, 1924, and answer on oath what it was indebted to the defendant (Wilson) at the time of the service of the writ, or at the time of making answer thereto, and what it would be due defendant by contract then existing, or what personal property or things in action it had in its possession or under its control, belonging to said defendant. The writ of garnishment was served on garnishee (appellant) on November 13, 1924, and it filed its answer, under oath, in writing, on November 15, 1924.

Thereafter, on November 18, 1924, garnishee was cited, at the behest of appellee, to appear in court and answer orally on November 29, 1924, what it was indebted to defendant, etc. In answer to this citation appellant, through a proper agent, was examined orally on the said November 29, 1924.

According to the written answer filed by appellant on November 15, 1924, it was due to be discharged. According to the oral answer of November 29, 1924, if considered not in connection with, or in disregard of, the written answer, there were funds in its possession, or a debt owing by it to defendant, subject to be condemned to the satisfaction of appellee's claim. The oral examination showed, however, that the written answer of November 15th was in all respects full, true, and complete as of its date. From a judgment adverse to it in the said inferior court,

appellant appealed to the circuit court, and from a like adverse judgment there, brings the case to this court.

As stated by counsel for the respective parties, on this appeal, the sole question involved, and a decision of which is invoked, is whether the garnishee (appellant) has a right to answer garnishments immediately upon service thereof, and be held liable only (where there is no continuing contract, etc., between it and the defendant) as of the date of its answer, or whether it is required to answer on the day named in the writ. Stated, perhaps more clearly, the question is: Both answers being true and not conflicting with each other, where the writ fails to designate whether a written or oral answer is required, is the garnishee's liability fixed according to the indebtedness from it to defendant shown by its written answer first filed, or according to its oral answer later given in response to the citation to it issued on the motion of plaintiff? The pertinent statutes we do not find to be different at the time this litigation was instituted and had from what they were in the Code of 1907.

[1] It will be noted that in the instant case no contest was instituted as to the answer of garnishee filed November 15, 1924, or as to its oral answer on November 29, 1924.

"The lien [of the garnishment] therefore attaches to any debt of the garnishee to the defendant owing at the time of the service (of the writ), or at the time of the answer, or becoming due at any time between the service and the answer or the contest thereof, or in the future, under a contract existing at the time of the service or answer." Henry v. McNamara, 114 Ala. 107, 22 So. 428.

"The garnishee may safely answer the garnishment at once, in which event no money or effects subsequently coming into his hands, or debts subsequently contracted, are made by the statute subject to the lien created by the service. When a garnishee appeals to the circuit court from a judgment rendered against him by a Justice of the Peace * * * the case is triable de novo upon its merits. It is a consequence following upon the statutory requirement that the trial shall be de novo, that the garnishee may answer anew in the circuit court. * * * If * * * he exercises the right and files a new answer, * * * the effect of filing such new answer is not to extend the period of inquiry as to indebtedness up to the time of the making of the new answer, *except as to such as accrues during this period under an antecedent contract* * * *." Id. (Italics ours.)

[2] True, counsel for appellee insist that the quotations above from the Henry v. McNamara Case are dicta, but, even so, if they afford information as to the views of the Supreme Court on the question under consideration, which seems not heretofore to have been directly decided in this state, it would be the plain statutory duty of this court to follow them.

But we think the even later case of First National Bank v. Dimmick, 177 Ala. 571, 58 So. 658, is ample authority for the holding we shall presently announce. In that case, decided when the Code of 1907 was in effect, it was held that where plaintiff in garnishment fails to direct whether the answer shall be oral or in writing (as here). the garnishee may answer in writing and that the oral examination is a mere continuation of the written answer, and dates from the time the written answer is made. Also that a garnishee may, as a matter of right, file an answer at any time before a judgment nisi is rendered against him.

[3] It appears therefore that in this case the garnishee was acting within its rights in filing the answer of November 15, 1924, and that its liability was—that answer being uncontested—to be measured as of that date. And, there being no evidence that any amounts due from it to defendant at any later date accrued under a contract in existence on November 15th, testimony as to such later indebtedness should have been excluded.

[4] The fact that the litigation arose in the inferior court of Bessemer, a court with jurisdiction in such matters identical with that of justices of the peace, does not, as we view the situation, substantially change the rules of law above quoted and set forth, or, perhaps we should say, render them inapplicable

The cases cited by counsel for appellee will each, upon close inspection, be found not to deal with a situation such as that shown by the evidence in this case, and do not militate against our holding.

The rulings of the trial court not being in accord with what we have said above, the judgment is reversed and the cause remanded.

Reversed and remanded.