(139; So. 830)

## BARBER v. ALABAMA GREAT SOUTHERN R. CO.

6 Div. 995.

Court of Appeals of Alabama.

Oct. 27, 1931.

Rehearing Denied Nov. 10, 1931.

Reversed on Mandate Feb. 16, 1932.

Arlie Barber and Amzie G. Barber, both of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

BRICKEN, P. J.

This cause was submitted to the court below upon an agreed statement of facts. Following an adverse decision there, it is brought here under section 6095 of the Code of 1923.

The question for decision is: "Upon the coming in of a. written answer following which within a proper time an oral answer is demanded of the Garnishee to answer orally in open Court, does that oral answer relate to and is it restricted to only the time elapsing between the service of the writ of garnishment and the filing of the written answer by the garnishee, or does it relate to and refer to the time elapsing between the service of the writ and the coming in of the oral answer of the garnishee, there being no question raised as to the existence of a continuing contract at the time of the filing of the written answer by the Garnishee whereby it would become indebted to the defendant for the payment of money in the future."

We are of the opinion that our decisions are to the effect that the liability of a garnishee is measured as of the date of the written answer, where that answer is not contested, although an oral answer was subsequently demanded and obtained. Gulf States Steel Co. v. Houston Furniture Co., 21 Ala. App. 580, 110 So. 476; First National Bank v. Dimmick, 177 Ala. 571, 58 So. 658; Roman v. Baldwin, 119 Ala. 257, 24 So. 360; Easton v. Lowery, 29 Ala. 454; Henry v. McNamara, 114 Ala. 107, 22 So. 428.

The decision of the trial court is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Barber v. Alabama Great Southern R. Co., 139 So. 831.