147 So. 682

**FIRST NAT. BANK OF BRANTLEY v.
STANDARD CHEMICAL CO.**

4 Div. 672.

Supreme Court of Alabama.
Dec. 22, 1932.

Rehearing Denied Jan. 19, 1933.

Further Rehearing Denied April 20, 1933.

Wilkerson & Brannen, of Troy, for appellant.

A. G. Seay, of Troy, and Powell & Hamilton, of Greenville, for appellee.

510

BOULDIN, J.

Garnishment proceedings upon a judgment. The appeal is from the judgment rendered upon oral answer of the garnishee.

The inquiry is: Does the oral answer affirmatively disclose an indebtedness due from the garnishee to the defendant, subject to the process of garnishment, in excess of the amount for which judgment was rendered?

Mr. Jones, the judgment debtor, was, at the time of the service of the writ of garnishment, November 22, 1928, president of Standard Chemical Company, the garnishee.

The fiscal year of the garnishee company ran from June 30th to July 1st of the succeeding year. The by-laws provided: "The Board of Directors shall elect a president, three vice presidents, secretary, and a treasurer, and such other officers as may be necessary at the first meeting after the annual election or as soon thereafter as may be convenient, and fix their salaries. They shall hold their respective offices only at the pleasure of the Board of Directors and shall perform the duties as outlined in these by-laws and any other duty assigned them by the Board of Directors."

At the annual July meeting, 1927, Mr. Jones was elected president, and salary fixed at "$4,-000.00, per annum." At the July meeting, 1928, he was re-elected for another "term," nothing said in the minutes as to salary. He served as president throughout the fiscal year, and was paid by monthly checks for $333.33 each, covering salary of the preceding month. At the July meeting, 1929, he was again elected "for the fiscal year ending June 30th, 1930, at the same salary as received the past year." He served throughout this fiscal year, 1929–1930, being paid by monthly checks at the same rate, $333.33 per month.

It is clear from these facts disclosed by the oral answer that, nothing else intervening, the garnishee was indebted to the judgment debtor to the amount of such salary; that the garnishment lien attached from the service of the writ of garnishment and continued during the period it was in effect; that is to say, to the date of the oral answer of the garnishee. Barber v. Alabama Great Southern R. Co.. 224 Ala. 274, 139 So. 831.

The oral answer was not made until September, 1931. The salary accrued, so far as affirmatively shown, only until June 30, 1930; so that we are concerned with the salaries beginning with the month of November, 1928, and extending to and including June, 1930.

It further appears the garnishee company was accustomed to permit its officers to draw against their salaries in advance of pay day, or to make purchases to be paid out of salaries.

As to Mr. Jones, it appears he had an account with his company, and owed a balance of $260.65 at the time the garnishment writ was served. Thereafter this account was continued as before. He purchased guano, drew cash, and incurred other items of indebtedness on open account from time to time down to June 30, 1929, aggregating more than twice the amount of his salary for this period.

He made payments on this open account from time to time. Among these payments, his monthly salary checks were retained or turned back to the company, and credited each month upon such account. It appears that only once during this period was there a balance in favor of Mr. Jones of the sum of $49.24. The trial court rendered judgment against the garnishee for this sum only.

It cannot be said there was any contract to pay his salary in advance, or that he might draw same in money in advance, or purchase goods to that amount on salary account.

The oral answer of the garnishee was made by Mr. Brandis, secretary-treasurer. His oral examination on this point concludes thus:

"Mr. Jones just made those purchases, and they were charged to him. If he wanted fertilizer or meal I just let him have it. Once he owed us more than $800.00. He just went and got it, and I charged it to him. Then at the end of the month I gave him credit for his salary. He would just get from us what he wanted, and I would charge it to him, and some time ago he owed the company a good deal more than his salary. Those were not advances against his salary, but they were just things that he wanted, and I let him have. I was in charge of this department. If he wanted anything he just got it, and I charged it to him. When the account became due, I took it out of check at the end of the month."

"We did not have any agreement with him that he was to trade out his salary. He was the President, and he drew out whatever he wanted to."

It thus affirmatively appears the purchases and advances were in the course of transactions between the parties pending the garnishment, not pursuant to a contractual status binding the garnishee to thus pay salary in advance.

The effect was to ignore the garnishment lien upon the salary, a potential lien from the service of the garnishment, to attach specifically to the salary as earned. Payments or purchases against the salary merely as a convenience to the debtor or to both parties, no prior contractual status binding the garnishee thereunto, are at the garnishee's peril.

Under the facts disclosed, the garnishment lien attached to and subjects to plaintiff's judgment all salaries of the judgment debtor accruing pending the garnishment, subject to a deduction of the balance on his indebtedness due the garnishee at the time of service of the writ of garnishment. Ely v. Blacker, Gerstle & Co., 112 Ala. 311, 20 So. 570; Packard Motors Co. of Alabama v. Tally, 212 Ala. 487, 103 So. 455; Lady Ensley Furnace Co. v. Rogan & Co., 95 Ala. 594, 11 So. 188; Archer v. People's Savings Bank, 88 Ala. 249, 7 So. 53; Alexander v. Pollock & Co., 72 Ala. 137;

Dothan Grocery Co. v. H. L. Wofford & Son, 200 Ala. 490, 76 So. 432; Simpson Coal & Transfer Co. v. Hood, 215 Ala. 175, 110 So. 149; Jefferson County Savings Bank v. Nathan, 138 Ala. 342, 35 So. 355.

That officers held their offices at the pleasure of the board of directors, as provided in the by-laws, did not defeat the lien of the garnishment as to salary due for performance while the employment remained in force and pending the garnishment.

Such a terminable contract is not a contract by which the garnishee will become indebted in the future; that is, subsequent to the answer disclosing the contractual relations then existing, so as to subject future indebtedness. This is the effect of Henry v. McNamara, 124 Ala. 412, 26 So. 907, 82 Am. St. Rep. 183, considered in the light of the facts of that case and the cases cited in the opinion. See cases, supra.

Proceeding to here render the judgment which should have been rendered on the oral answer in the court below, we find the garnishee liable for twenty months' salary of defendant, pending the garnishment, at $333.33 per month, aggregating $6,666.66. From this should be deducted the indebtedness due from defendant to the garnishee at the date of service of the writ of garnishment, $260.65.

The residue, $6,406.01, will be condemned to the satisfaction pro tanto of the plaintiff's judgment against defendant, and judgment go against the garnishee for said sum, with interest thereon from the date of the oral answer, September 18, 1931, making the total judgment of this date $6,965.46.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

### On Rehearing.

BOULDIN, J.

After the application for rehearing was overruled, the writer came to doubt the correctness of the judgment here rendered on the oral answer of the garnishee in respect to the amount for which the garnishee should be held responsible, and, thereupon, ordered the cause restored to the rehearing docket for further consideration on further briefs filed by both parties on that subject.

The question grows out of the new employment of the debtor pending the garnishment, and the right of the garnishee to set off the indebtedness of the debtor at that time against his wages thereafter accruing under such new employment.

At the time of the service of the garnishment the defendant was under contract of employment running to July 1, 1929, a period of some eight months.

That the garnishment lien attached to such salary as same accrued, and that judgment

should go for the amount thereof, notwithstanding the garnishee paid same from month to month by crediting same on defendant's running account contracted pending the garnishment, there is no occasion to further consider.

■ But when defendant was re-employed July 1, 1929, he owed the garnishee a balance on account. Was the garnishee entitled to set off this balance against salary accruing from July 1, 1929, to June 30, 1930?

This asserted set-off itself consists of two items: First, appellee contends that since the salary prior to July 1, 1929, has been subjected to the garnishment, the credits theretofore given therefor on account should be stricken, and the balance due the garnishee as of July 1, 1929, should take no account of credits for such salary.

Our conclusion on principle and authority is that having voluntarily paid this salary in disregard of the garnishment lien, the garnishee cannot now assert it is still an indebtedness held against the debtor to be used against the plaintiff as a set-off against the salary under subsequent employment pending the garnishment.

On good reason it is held that if the garnishee holds a demand against the defendant at the time of service of garnishment, but, nevertheless, disregards same and pays the salary pending the garnishment as though he held no set-off, he cannot set it up against the plaintiff in garnishment. Otherwise, the demand is not made a shield of protection to the garnishee, but a weapon for the protection of the debtor against the subjection of his assets to the payment of his debts. Prudential Trust Co. v. Merchants' Nat. Bank, 66 Or. 224, 133 P. 1191; Trottier v. Foley, 42 R. I. 422, 108 A. 498; Paisley v. Park Fireproof Storage Co., 222 Ill. App. 96; Baird, etc., v. Luse-Stevenson Co., 262 Ill. App. 547; Brondum v. Rosenblum, 151 Miss. 91, 117 So. 363; 28 C. J. p. 283, § 410, m.

A second item of the set-off in question is the sum of $530 alleged to be the balance on general account when the new employment began July 1, 1929. The sum of $260.65, due when garnishment served, for which credit was allowed, in our judgment, was part of this balance, and the question is whether the residue should be allowed as a set-off against the salary thereafter accruing. Set-off is usually applied to demands held by the garnishee at the time of service. Self v. Kirkland, 24 Ala. 275; First National Bank of B'ham v. Minge, 186 Ala. 405, 64 So. 957.

Since our statute subjects indebtedness accruing under contracts made pending the garnishment, this involves an inquiry as to whether under such contracts any indebtedness has accrued. In making new contracts, the garnishee owes no duty to the creditor to create an estate for the benefit of a creditor of his employee, and may contract for payment in advance, or for application of wages to the payment of a demand properly incurred prior to such new employment, and if wages are faithfully applied as per such agreement, so that no indebtedness from garnishee to defendant ever arises, the creditor cannot complain.

But here the evidence discloses no such arrangement. No agreement appears to apply the new wages to the balance on indebtedness at that time, nor does it appear that they were so applied. It appears wages were paid as usual and applied on running account incurred pending the garnishment.

The principles above announced and authorities cited must be applied to this item also.

Application overruled.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.