16 So.2d 798

**PIPER ICE CREAM CO. v. J. L. WALKER & CO.**

**6 Div. 220.**

Supreme Court of Alabama.

Feb. 24, 1944.

282

Irvine C. Porter, of Birmingham, for appellant.

J. Howard Perdue, of Birmingham, for appellee.

FOSTER, Justice.

The question on this appeal is whether the court correctly rendered judgment against appellant as garnishee. The garnishment was issued on September 4, 1942, on a judgment rendered in the Intermediate Civil Court of Birmingham on July 22, 1942, and required an answer on September 22, 1942. On that day an answer in writing verified by affidavit was filed denying indebtedness. The garnishee was required to answer orally in the court, and finally did so. Thereupon the court rendered judgment against the garnishee on his oral answer. The garnishee appealed to the circuit court. On the trial an agreed statement of facts was entered into, supplemented by a further agreement in open court. The question here is whether on such agreed facts it was proper to render a judgment against the garnishee.

Proceedings in the Intermediate Civil Court of Birmingham are controlled by the Local Act creating that court, approved September 7, 1935 (see, Local Acts 1935, page 219). Section 12 provides that the practice, procedure, judgments and records shall be as in courts of justices of the peace, except as there otherwise provided. Certain provisions as to garnishments not here material are contained in section 14. That Act did not find a place in Title 62, Code of 1940. But see Ætna Auto Finance v. Kirby, 240 Ala. 228, 198 So. 356. But Title 62, sections 191 and 192, have reference to garnishments in justices courts and inferior courts of Jefferson County. The garnishee's answer is required to "state the amount, if any, due to the defendant at the time of the service of the writ and between the day of service and the date the answer is verified", "whether * * * by existing contract or otherwise," with provision also for oral answer.

That feature of the agreed facts which controls this appeal is quoted as follows: "The oral hearing * * * disclosed the fact that between the time of filing written answer by the garnishee and the time of oral hearing the garnishee had paid to one of defendants as salary or wages an amount greater than the amount of the judgment in this cause." No question was raised as to the legality of any step in the proceeding, or the sufficiency of the record to present the question of whether the facts as quoted justify a judgment against the garnishee.

 The nature of the contract under which the "salary or wages" were paid is not shown, nor when it was made; nor whether it existed at the time of making the written answer,—or came into being thereafter,—nor whether the amounts paid were under a contract providing for payment in advance of the service rendered. The presumption in the absence of averment will be taken most strongly against the garnishee on the theory that he did or would state the situation in a light most favorable to himself. 28 Corpus Juris 301, § 452; 38 C.J.S., Garnishment, § 223.

The provisions of the Code generally respecting garnishments apply to justice courts (section 438, Title 13, Code of 1940) which also apply to the Intermediate Civil Court of Birmingham, except as otherwise provided. Section 12 of the Local Act of September 7, 1935.

Section 1011, Title 7, Code of 1940, requires an answer "according to the terms of the garnishment." The terms of the garnishment are set out in section 999, Title 7, Code. Respecting the question here material we do not see any substantial difference between its provisions and those of sections 191 and 192, Title 62, supra.

This court has construed the general garnishment statutes represented by section 999, supra, when there is an oral examination required after a written answer is filed, to mean "that the garnishment lien attached from the service of the writ of garnishment and continued during the period it was in effect: 'that is to say, to the date of the oral answer of the garnishee." First National Bank of Brantley v. Standard Chemical Co., 226 Ala. 509, 147 So. 682, 683; Barber v. Alabama, G. S. R. Co., 224 Ala. 274, 139 So. 831.

The briefs in the latter case cited the authorities on which appellant here relies. Gulf States Steel Co. v. Houston Furniture Co., 21 Ala.App. 580, 110 So. 476, certiorari denied 215 Ala. 306, 110 So. 478; First National Bank v. Dimmick, 177 Ala. 571, 58 So. 658; Roman v. Baldwin, 119 Ala. 257, 24 So. 360; Easton v. Lowery, 29 Ala. 454. But the court did not follow them in the respects here material. The Barber case, supra, was followed in the Standard Chemical Company case, supra. It should be treated as the final expression of this court on that question. Under those cases, it is not material whether or not the money paid by the garnishee to the defendant after the date of the written answer and before the oral answer was by virtue of a contract existing at the time of the oral answer: saying in the Barber case, supra, "that, if the garnishee owed the defendant when the written answer was filed, or when the oral answer was made, the writ would reach it," although the debt accrued in the interim. Sections 191 and 192, Title 62, Code of 1940, contain nothing which should change the effect of that holding.

The judgment of the circuit court was rendered in conformity to our interpretation of the law as thus stated.

Affirmed.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.