133 So.2d 203

L. H. DELONEY

v.

UNITED STATES FIDELITY & GUARANTY CO. et al.

6 Div. 702.

Supreme Court of Alabama.

Sept. 21, 1961.

570

S. R. Starnes, Ollie L. Blan, Jr., and Spain, Gillon & Young, Birmingham, for appellees.

Geo. I. Case, Jr., and McGowen & McGowen, Birmingham, for appellant.

MERRILL, Justice.

Appellant had obtained a judgment against L. P. Chesser Co., Inc. and se-cured a writ of garnishment against appellee, United States Fidelity & Guaranty Co., a corporation. Appellee filed its answer, and upon the contest of that answer, the trial court found in favor of the garnishee. On this appeal, all assignments of error are to the effect that the court erred in failing to render a judgment in favor of appellant.

The cause was submitted to the court below and here on a written stipulation of facts.

Appellant Deloney did a bonding and insurance business and represented U. S. F. & G. Co., the appellee-garnishee. Appellant had an account against L. P. Chesser Co. for various bonds and insurance issued between May, 1952, and March, 1955, and after filing suit, recovered a judgment against L. P. Chesser Co. for $11,900, which judgment was recorded in the Probate Office of Jefferson County on May 2, 1956, and in the Probate Office of Shelby County on April 20, 1956. L. P. Chesser Co., hereinafter called the defendant, had its principal place of business in Jefferson County and part of its equipment and rolling stock was in Jefferson County and part in Shelby County.

During the time appellant and defendant were doing business with each other, the garnishee became surety for defendant on four separate construction contracts. Defendant defaulted on all the contracts and garnishee's net loss on the four surety bonds was $74,185.60.

In each of the contract applications for a surety bond was the following provision:

"* * * Third, to assign and convey and does hereby assign and convey to the Company, as collateral to secure the obligations herein and any other indebtedness or liabilities of the undersigned to the Company, whether heretofore or hereafter incurred, all the right, title and interest of the undersigned in and to: * * * (b) all machinery, equipment, plant, tools, sup-

plies and materials which are now or may hereafter be about or upon the site of said work, including supplies and materials now or hereafter purchased for or chargeable to said contract which may be in process of construction, or in storage elsewhere, or in transportation to said site; such assignment to be effective as of the date of the construction contract but only in event of (1) any breach of any of the agreements herein contained or of said contract or performance bond or of any other bond executed or procured by the Company on behalf of the applicant herein, * * *."

Each of these applications was recorded in the probate offices in Jefferson and Shelby Counties in 1955.

On September 22, 1956, subsequent to the recordation of the judgment, defendant and garnishee entered into an agreement whereby garnishee took possession of the equipment. This equipment was later sold for $25,051.25 leaving a large balance still due garnishee from defendant after crediting this amount to the debt.

On November 18, 1957, a writ of garnishment on appellant's judgment was issued and served on garnishee; an answer was filed denying that garnishee was indebted to defendant; an oral examination of garnishee was had and the contest of the answer was filed May 7, 1958. The judgment in favor of the garnishee, from which this appeal was taken, was rendered December 30, 1960.

Appellant contends that his judgment was recorded when defendant conveyed the equipment to garnishee and his judgment lien is superior, under Tit. 7, §§ 584, 585, Code 1940, to garnishee's claim. He further argues that garnishee became the trustee of the money or effects of the defendant and these were subject to garnishment under Tit. 7, § 1005.

Both parties agree that the test in a garnishment proceeding is whether the gar-

nishee, at the time of service of the writ of garnishment, owed defendant such a money demand as would support an action of debt or assumpsit by the judgment debtor. The rule is stated in Coosa Land Co. v. Stradford, 224 Ala. 511, 140 So. 582, 583:

> "The general rule is that an indebtedness from garnishee to judgment debtor subject to garnishment means such an indebtedness as will sustain an action of assumpsit by the judgment debtor.
>
> "This rule, however, is subject to an exception. Where, by fraud and collusion between judgment debtor and garnishee, the debtor's funds or choses in action are transferred to the garnishee, to be held for the benefit of the transferor, with the intent to defraud his creditors, garnishment will lie, notwithstanding the judgment debtor, by reason of his own fraud, may not be able to sue the transferee in assumpsit. Nicrosi v. Irvine, 102 Ala. 648, 15 So. 429, 48 Am.St.Rep. 92."

The rights of the plaintiff in garnishment and the garnishee are determined as of the date of service of the writ of garnishment on the garnishee. First National Bank of Birmingham v. Minge, 186 Ala. 405, 64 So. 957. And upon service of the writ, a lien attaches and continues to the date of garnishee's oral answer. Piper Ice Cream Co. v. J. L. Walker & Co., 245 Ala. 281, 16 So.2d 798; First National Bank of Brantley v. Standard Chemical Co., 226 Ala. 509, 147 So. 682.

Applying these rules, there was no debt owed by garnishee to defendant at the time of service of the writ of garnishment which defendant could have enforced by an action of assumpsit or debt, there being no charge of fraud, and there was no indebtedness on which the lien of garnishment could attach.

A principal may lawfully give security to his surety although the liability

of the surety is remote and uncertain in amount, and the contingent liability constitutes sufficient consideration for the agreement to give the security. Boger v. Jones Cotton Co., 238 Ala. 180, 189 So. 737; 50 Am.Jur., Suretyship, § 229, 72 C.J.S. Principal and Surety § 317(a).

■ The effect of a provision in the application for a surety bond such as quoted here has not been decided by this court, but in each of the following cases, it was held that such a provision constitutes a chattel mortgage: Hartford Accident & Indemnity Co. v. Coggin, 4 Cir., 78 F.2d 471, certiorari denied 296 U.S. 620, 56 S.Ct. 141, 80 L.Ed. 440; Massachusetts Bonding & Insurance Co. v. Kemper, 6 Cir., 220 F. 847, 136 C.C.A. 593; Commercial Casualty Ins. Co. v. Williams, 4 Cir., 37 F.2d 326, certiorari denied 281 U.S. 757, 50 S.Ct. 409, 74 L.Ed. 1167; Title Guaranty & Surety Co. v. Witmire, 115 C.C.A. 43, 195 F. 41; Western Casualty & Surety Co. v. United States, 109 F.Supp. 422, 124 Ct.Cl. 156; Maple v. Seaboard Surety Co., 117 Ind.App. 627, 73 N.E.2d 80.

We think such a construction of a surety provision is proper.

Some of the cases cited hold that the failure to record the contracts rendered them unenforceable against third parties. Here, the contracts were recorded, but whether recorded or no, appellant had actual notice, because the stipulation contains the following in reference to all four contracts—"Plaintiff was the agent who wrote the bond." Appellant knew about the applications, because he took them and wrote the bonds and he had this knowledge before he ever recovered judgment against defendant.

■ But appellant argues that even though the provision in the application be considered a chattel mortgage, still it fails to describe moveable chattels with particularity and is insufficient in description

to support a mortgage on the chattels. Referring again to the quoted provision in the application, the chattels are described as "all machinery, equipment, plant, tools, supplies and materials which are now or may hereafter be about or upon the site of said work, including supplies and materials now or hereafter purchased for or chargeable to said contract."

■ A description in a chattel mortgage is sufficient if the description itself, together with such inquiries as the instrument suggests, will enable a person of reasonable prudence to identify the property covered by the mortgage. Hammond v. Cabaniss, 213 Ala. 221, 104 So. 320; Avondale Mills v. Abbott Bros., 214 Ala. 368, 108 So. 31; Cooper v. Berney National Bank, 99 Ala. 119, 11 So. 760.

Appellant cites Stewart v. Clemens, 220 Ala. 224, 124 So. 863, 66 A.L.R. 1454, as being to the contrary. The part of the opinion in that case holding the description of the chattels to be insufficient was specifically overruled in Dutton v. Gibson, 222 Ala. 191, 131 So. 567.

We note that the same argument was made in Hartford Accident & Indemnity Co. v. Coggin, 4 Cir., 78 F.2d 471, previously cited. It was contended that the transfers in the application contracts, when viewed as chattel mortgages, were void for want of a specific description of the chattel. The court held that a description in a chattel mortgage is sufficient if it points out the subject matter with such particularity as to enable it to be identified, and rejected the contention.

■ It appearing that the appellee was not indebted to the defendant on the date of the service of the writ of garnishment, and no fraudulent transfer of property from the defendant to appellee having been shown, and the transfer of the property being in accordance with previously executed and recorded mortgages and assign-

ments, and the property being adequately described, we find no reversible error in the judgment of the trial court.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.