Rel: March 24, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

_____

### SC-2022-0790

_____

## Allie Construction, Inc.

## v.

## Debra Mosier, as personal representative of the Estate of Willard Mosier, deceased

### Appeal from Jefferson Circuit Court
### (CV-2000-6948)

SC-2022-0790

MITCHELL, Justice.

Under Alabama law, actions seeking to enforce a judgment must be commenced within 20 years of the entry of the judgment. In this appeal, Allie Construction, Inc., obtained writs of garnishment against the estate of Willard Mosier one day shy of the 20th anniversary of obtaining a judgment against his widow Debra Mosier, a beneficiary of his estate. As a result, Allie Construction properly commenced an enforcement action, and that action must be allowed to proceed. In reaching a contrary conclusion, the Jefferson Circuit Court erred. We therefore reverse its order and remand for further proceedings.

Facts and Procedural History

This appeal stems from a default judgment that Allie Construction obtained against Debra Mosier. On March 12, 2002, the Jefferson Circuit Court awarded Allie Construction "the sum of $59,400.00 along with all costs of this action and interest at the rate of twelve percent (12%) per annum from the date of this judgment." Additionally, the judgment ordered a lien on Debra's property -- described as "Lot 3 Shook Hill Estates" -- "in the amount of $28,500.00 ...."

No further action was taken until Allie Construction moved to revive the 2002 judgment on November 8, 2018. The circuit court granted that motion, stating that the "judgment against Defendant Debra S. Mosier is REVIVED through that date that is twenty (20) years from the date of the judgment." (Capitalization in original.) At some point after the 2002 judgment was revived, Allie Construction learned that Debra was a beneficiary of Willard's estate. On March 11, 2022 -- just one day before the 20th anniversary of the 2002 judgment -- Allie Construction obtained writs of garnishment against the estate to collect on its judgment against Debra. Allie Construction served the probate judge overseeing the administration of the estate with the writs of garnishment on that day. Debra was served the next business day, March 14, 2022.

About a month later, Debra, in her capacity as personal representative of the estate, filed an answer in the enforcement action in circuit court. In her answer, she denied that the estate was obligated to satisfy the judgment. She later filed a "Motion in Opposition to Revive Judgment" in which she argued that the 2002 judgment had been extinguished. Two days after she filed that motion, the circuit court issued an "ORDER DENYING PLAINTIFF'S MOTION TO REVIVE

JUDGMENT ...." (Capitalization in original.) In the order, the circuit court cited § 6-9-190, Ala. Code 1975, for the proposition that "'[a] judgment cannot be revived after the lapse of 20 years from its entry.'" The circuit court ultimately decreed that "no EXECUTION SHALL ISSUE on the [2002] Judgment ... and that any Judgment LIEN ... is RELEASED and EXTINGUISHED." (Capitalization in original.)

Allie Construction timely moved under Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate the circuit court's order. In its motion, Allie Construction clarified that it did not seek to revive the 2002 judgment by obtaining writs of garnishment but instead sought execution of a previously revived judgment. The circuit court denied the motion. Allie Construction appealed.

Standard of Review

We review de novo the application of statutory language to undisputed facts. Continental Nat'l Indem. Co. v. Fields, 926 So. 2d 1033, 1035 (Ala. 2005).

Analysis

Allie Construction makes one argument on appeal -- that obtaining a writ of garnishment to enforce a judgment within 20 years of the entry

4

of the judgment timely commences an enforcement action under the relevant statute of limitations. We agree.

Section 6-2-32, Ala. Code 1975, governs the disposition of this appeal. That statute provides: "Within 20 years, actions upon a judgment or decree of any court of this state, of the United States, or of any state or territory of the United States must be commenced." Here, no one disputes that Allie Construction obtained writs of garnishment on March 11, 2022, which is within 20 years of March 12, 2002. Therefore, we must determine whether obtaining the writs "commenced" an action.

McLendon v. Hepburn, 876 So. 2d 479, 480 (Ala. Civ. App. 2003), is a helpful point of reference. In McLendon, a plaintiff sought to enforce a judgment by obtaining a writ of garnishment more than 20 years after the date of the original judgment. Id. The circuit court determined that the action was impermissible, and the Court of Civil Appeals correctly affirmed the circuit court's decision, stating that "actions on an original judgment must be commenced within 20 years of the judgment's entry." Id. at 486; see also Knights Franchise Sys., Inc. v. Gauri Shivam, LLC, No. 2:11-MC-03892-ACA, Apr. 8, 2022 (N.D. Ala. 2022) (citing McLendon for the proposition that "a plaintiff had until April 22, 2001 to obtain

writs of garnishment to execute an April 22, 1981 judgment ...."). Based on McLendon, it is clear that Allie Construction properly "commenced" the action because it obtained the writs of garnishment within 20 years of the entry of the 2002 judgment.

Debra attempts to undermine that conclusion. She asserts that, because she was served on March 14, 2022 -- two days after the 20-year anniversary of the 2002 judgment -- the writs of garnishment are unenforceable. In doing so, she cites the principle that "[t]he rights of the plaintiff in garnishment and the garnishee are determined as of the date of service of the writ of garnishment on the garnishee." Deloney v. United States Fid. & Guar. Co., 272 Ala. 569, 572, 133 So. 2d 203, 205 (1961). Thus, she reasons, because she was served more than 20 years after the date of the 2002 judgment, "there exists no lien upon which Allie Construction can collect." Debra's brief at 17. In short, Debra would add a requirement that a plaintiff effect service before the statute of limitations expires to properly commence an action under § 6-2-32.

But that is not how we evaluate whether a statute of limitations has been met. Of course, whenever a complaint is filed, "there must also exist 'a bona fide intent to have it immediately served.'" Precise v.

Edwards, 60 So. 3d 228, 231 (Ala. 2010) (quoting Dunnam v. Ovbiagele, 814 So. 2d 232, 237-38 (Ala. 2001)); see also Varden Cap. Props., LLC v. Reese, 329 So. 3d 1230, 1231 (Ala. 2020) (holding that the plaintiff lacked a bona fide intent to serve when she waited 100 days after filing to serve); Precise, 60 So. 3d at 230 (holding that the plaintiff lacked a bona fide intent to serve after failing to explain 131-day delay in service after filing); Ward v. Saben Appliance Co., 391 So. 2d 1030, 1031 (Ala. 1980) (noting that "appellant's attorney directed the clerk to withhold personal service until he could obtain additional information on the case"). But there is no evidence that Allie Construction lacked a bona fide intent to have the writs of garnishment immediately served.

To the contrary. A review of the record reveals that Allie Construction possessed the bona fide intent to serve process when it obtained the writs of garnishment on Friday, March 11, 2022. That same day, Allie Construction served the probate judge in charge of administering the estate through a special process server. The following Monday -- the very next business day -- it served Debra through a special process server. These actions are markedly different from those outlined

7

in the cases above, where there was a manifest and dramatic delay in service. Thus, Debra's lack-of-bona-fide-intent argument is a nonstarter.

Debra offers two final arguments, neither of which is availing. First, she says that Allie Construction may no longer <u>collect</u> on a judgment after more than 20 years have passed because, she says, the judgment no longer exists. And second, she argues that because a creditor cannot revive a judgment after 20 years have passed, it may not enforce a judgment after 20 years either. But neither argument squares with the governing statute, which says nothing about the extinguishment of a properly commenced action. All § 6-2-32 requires is that the enforcement action be "commenced" within 20 years of the entry of the original judgment -- which Allie Construction did here. Thus, Allie Construction complied with the law.

<u>Conclusion</u>

The circuit court erred by extinguishing the judgment lien. Because Allie Construction commenced an enforcement action within 20 years of the entry of the 2002 judgment, that action is not time-barred under § 6-2-32. Therefore, we reverse and remand.

REVERSED AND REMANDED.

Parker, C.J., and Mendheim, Stewart, and Cook, JJ., concur.

Sellers, J., concurs specially, with opinion.

Bryan, J., dissents, with opinion, which Shaw and Wise, JJ., join.

SELLERS, Justice (concurring specially).

On March 12, 2002, Allie Construction, Inc., obtained a judgment against Debra Mosier; in November 2018, it revived that judgment; and, on March 11, 2022, it obtained writs of garnishment to collect on the judgment. I agree with the main opinion that Allie Construction properly commenced its enforcement action by requesting writs of garnishment within the limitations period of § 6-2-32, Ala. Code 1975 ("Within 20 years, actions upon a judgment or decree of any court of this state … must be commenced.").

Although Allie commenced garnishment proceedings within the referenced 20-year window, the trial court concluded that the judgment nevertheless had to be deemed satisfied under the statutory bar of § 6-9-190, Ala. Code 1975, which provides that "[a] judgment cannot be revived after the lapse of 20 years from its entry." In my view, however, the mere lapse of 20 years from the entry of a judgment, in and of itself, does not mean that a judgment is invalid and uncollectable. Instead, the law conclusively presumes that the judgment has been satisfied only if <u>there has been no activity or engagement between the debtor and the creditor</u>

10

regarding the judgment in the 20 years since its entry. In State v. Mudd,

273 Ala. 579, 583, 143 So. 2d 171, 175 (1962), this Court explained:

> "[I]f parties allow twenty years to elapse without taking any steps to compel a settlement, or to assert rights to property, the presumption of payment, or settlement of the disputed title arises. And this presumption is conclusive, and is not affected by the circumstances of the situation, as is considered in the case of laches."

(Emphasis added.)

Thus, a judgment expires and is conclusively presumed to be

satisfied only if no party has taken any action within 20 years. For

example, "where the [creditor], before the expiration of twenty years,

takes possession of the property, assesses it for taxation in her own name

and without recognition of any rights of the mortgagor, and without

application of any rents or profits to the mortgage indebtedness, the

presumption of payment is rebutted." McCary v. Crumpton, 267 Ala. 484,

487, 103 So. 2d 714, 716 (1958). The Advisory Committee's Notes to Rule

301, Ala. R. Evid., are helpful to understanding this: "Conclusive

presumptions ... are those applied when because of certain proven facts

the law requires the finder of fact to find another -- presumed -- fact." The

"fact" necessary to create the conclusive presumption here would be the

11

absence of any action taken to collect on the judgment. In this case, however, Allie Construction did take action to collect on the judgment by seeking writs of garnishment. Thus, Allie Construction removed any presumption that the judgment had been satisfied. Once the request for writs of garnishment was filed, the validity of the judgment was properly acknowledged, allowing the garnishment proceeding to continue until resolved.

If the trial court's position on § 6-9-190 is correct, then Allie Construction had to actually collect on its judgment within 20 years of the entry of that judgment. The better view is that, when a party commences a garnishment proceeding at a time when the underlying judgment is still valid, expiration of the 20-year period during the pendency of that proceeding does not create a conclusive presumption that the judgment has been satisfied.

BRYAN, Justice (dissenting).

I believe that the Jefferson Circuit Court's order releasing and extinguishing purported writs of garnishment requested by Allie Construction, Inc. ("Allie Construction"), in this case was consistent with this Court's current precedent regarding § 6-9-190, Ala. Code 1975, and relevant caselaw discussing the duration of judgments under Alabama law. Because I do not believe that Allie Construction has adequately addressed this precedent on appeal or otherwise demonstrated reversible error by the circuit court in its application of § 6-9-190 under the circumstances presented by this case, I respectfully dissent from the majority's decision to reverse the circuit court's order. In a future case in which the issue has been thoroughly briefed by the parties on appeal, I would be open to considering any arguments regarding the proper interpretation and application of § 6-9-190.

Shaw and Wise, JJ., concur.